Benjamin W. Hattenbach (SBN 186455)
Charlotte J. Wen (SBN 313572)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
bhattenbach@irell.com
cwen@irell.com

A. Matthew Ashley (SBN 198235)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
mashley@irell.com

*Counsel for Defendants*
ADEIA INC., ADEIA MEDIA LLC, ADEIA GUIDES INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| X CORP., <br><br> Plaintiff, <br><br> v. <br><br> ADEIA INC., ADEIA MEDIA LLC, and ADEIA GUIDES INC. <br><br> Defendants. | Case No. 3:23-cv-06151-TLT <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS, AND FOR PROTECTIVE ORDER** <br><br> Hearing Date: April 9, 2024 <br> Hearing Time: 2:00 p.m. <br> Location: Courtroom 9, 19th Floor <br> Judge: Hon. Trina L. Thompson |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on April 9, 2024, at 2:00 p.m., or as soon thereafter as may be heard, Defendants Adeia Inc., Adeia Media LLC, and Adeia Guides Inc. (collectively, "Adeia") shall and hereby move for an order staying discovery until the Court issues a ruling on Adeia's previously filed Motion to Dismiss (ECF No. 23); and for a protective order staying Adeia's response time for X's First Sets of Requests for Production and Interrogatories, served on February 29, 2024. This motion is based on this Notice, the memorandum filed herewith, Adeia's Motion to Dismiss, and any other filing, evidence, or argument presented in this matter. The Court has set a Case Management Conference in this case on March 7, 2024 at 2:00 p.m. Because this motion to stay implicates issues to be discussed at the Case Management Conference, Adeia intends to raise issues related to this Motion at the CMC.

**RELIEF REQUESTED**

Adeia respectfully requests the following relief:

- That the Court stay discovery, including the deadlines provided for by the Patent Local Rules, pending the Court's ruling on Adeia's Motion to Dismiss for lack of subject matter jurisdiction.

- That the Court issue a protective order staying Adeia's response time for X's First Set of Interrogatories and Requests for Production, served on February 29, 2024, until 30 days after the Court's ruling on Adeia's Motion to Dismiss for lack of subject matter jurisdiction.

Dated: March 5, 2024

Respectfully submitted,

By: */s/ Charlotte J. Wen*
Charlotte J. Wen

*Counsel for Defendants*
ADEIA INC., ADEIA MEDIA LLC,
ADEIA GUIDES INC.

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL STANDARD ............................................................................................................2

III. ARGUMENT .........................................................................................................................2

    A. This Case Meets The Two-Part Test For A Stay Of Discovery Pending Resolution Of A Motion To Dismiss ...........................................................2

        1. Adeia's Motion to Dismiss Is Potentially Dispositive Of X's Entire Case ..................................................................................................3

        2. Adeia's Motion To Dismiss May Be Decided Absent Discovery ...................................................................................................5

    B. The Nature of This Case Particularly Warrants A Stay of Discovery.....................6

        1. X Admits That This Case Is A Pretextual Attempt To Forum Shop Rather Than To Resolve An "Immediate" Dispute Between The Parties ....................................................................................7

        2. Questions Of Subject Matter Jurisdiction Must Be Decided First ...........................................................................................................7

        3. Proceeding With X's Requested Discovery And Patent Local Rule Deadlines Would Unduly Prejudice And Burden Adeia ....................8

IV. CONCLUSION ......................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*3M Co. v. Avery Dennison Corp.*,
   673 F.3d 1372 (Fed. Cir. 2012) ............................................................................................... 6

*Adeia Media LLC v. X Corp.*,
   No. 23-CV-420578 (Santa Clara County Super. Ct., Aug. 7, 2023) ........................................ 9

*Apple Inc. v. VoIP-Pal.com, Inc.*,
   506 F. Supp. 3d 947 (N.D. Cal. 2020) ..................................................................................... 3

*Arledge v. Boise City Att'y*,
   No. 22-35358, 2023 WL 4994529 (9th Cir. Aug. 4, 2023) ...................................................... 2

*Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*,
   689 F.3d 1303 (Fed. Cir. 2012), *rev'd in part on other grounds by Ass'n for
   Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013) ..................................... 3

*Azuga, Inc. v. Fleet Connect Solutions LLC*,
   No. 22-cv-04790-TLT, ECF No. 44 (Order) (N. D. Cal. Mar. 13, 2023) ............................ 3, 8

*Estate of Bock v. Cty. of Sutter*,
   No. CIV. S-11-0536, 2012 WL 94618 (E.D. Cal. Jan. 9, 2012) .............................................. 8

*Clardy v. Gilmore*,
   773 Fed. App'x 958 (9th Cir. 2019) ......................................................................................... 6

*Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.*,
   No. 1:21-CV-286, 2022 WL 20613653 (E.D. Tenn. June 7, 2022) ......................................... 5

*Gov't Employees Ins. Co. v. Dizol*,
   133 F.3d 1220 (9th Cir. 1998) .................................................................................................. 5

*Johnson v. Ashmore*,
   No. 3:15-CV-2475-K, 2016 WL 8453918 (N.D. Tex. Jan. 22, 2016) ...................................... 8

*Lear Siegler Inc. v. Adkins*,
   330 F.2d 595 (9th Cir. 1964) .................................................................................................... 7

*Neilmed Prod., Inc. v. Med-Sys., Inc.*,
   472 F. Supp. 2d 1178 (N.D. Cal. 2007) ................................................................................... 5

*Nelson v. F. Hoffmann-La Roche, Inc.*,
   No. 21-CV-10074-TLT, 2022 WL 19765995 (N.D. Cal. Nov. 2, 2022) ......................... passim

*In re Nexus 6p Prods. Liab. Litig.*,
   No. 17-CV-02185, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ...................................... 2, 3, 5

*Onuoha v. Facebook, Inc.*,
   No. 5:16-CV-06440, 2017 WL 11681325 (N.D. Cal. Apr. 7, 2017) ............................................ 2

*Owens-Illinois, Inc. v. Meade*,
   186 F.3d 435 (4th Cir. 1999) ................................................................................................. 1, 7

*In re Qualcomm Litig.*,
   No. 17-CV-108, 2017 WL 5985598 (S.D. Cal. Nov. 8, 2017) ................................................ 4, 5

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
   No. 20-CV-00363, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) .............................................. 3

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ..................................................................................................... 2

*Snake River Waterkeeper v. J.R. Simplot Co.*,
   No. 1:23-CV-00239-DCN, 2023 WL 5748152 (D. Idaho Sept. 6, 2023) ................................... 8

*Yamasaki v. Zicam LLC*,
   No. 21-CV-02596-HSG, 2021 WL 3675214 (N.D. Cal. Aug. 19, 2021) .................................... 5

**Rules**

Fed..R. Civ. P. 12 ............................................................................................................................. 2

Fed. R. Civ. P. 26 ..................................................................................................................... 1, 6, 9

N.D. Cal. Patent Local Rule 1-3 ....................................................................................................... 9

N.D. Cal. Patent Local Rule 3-1 ....................................................................................................... 8

## I. INTRODUCTION

Discovery in this case should be stayed pending resolution of Adeia's Motion to Dismiss (ECF No. 23, "MTD").  On November 28, 2023, X filed a Complaint (ECF No. 1) requesting a declaratory judgment of non-infringement as to four Adeia patents that Adeia had never even mentioned to X, much less threatened to assert against X, and that Adeia has no history of enforcing against any party.  X then proposed dropping the case altogether in exchange for an agreement that, if there was future litigation, it would be brought in this Court, making even more clear that the case was a pretextual litigation maneuver designed to obtain concessions to which X is not entitled under settled law.  This case is not one in which declaratory relief is necessary to resolve an "imminent and substantial dispute between the parties."  As evidenced by X's own admissions, X filed this suit not to resolve uncertainty regarding these specific patents, as required to establish subject matter jurisdiction, but to forum shop in connection with other litigation that has not been brought and may never be brought.  ECF No. 35 (X's Opposition to Motion to Dismiss ("MTD Opp.")) at 1 ("What is at issue in this motion, therefore, is … ***where*** [a] lawsuit will proceed.") (emphasis added); *see also* ECF No. 37-3 (2/13/2024 X Email) (offering to dismiss the Complaint in exchange for an agreement from Adeia that any future patent litigation be brought in the Northern District of California).  Adeia has not filed any patent litigation against X, and has no plans to do so.

Adeia has accordingly moved to dismiss the Complaint for lack of subject matter jurisdiction.  As explained in Adeia's motion, this case is directed to issues that are plainly not justiciable in the first instance.  Because "questions of subject matter jurisdiction . . . concern the court's very power to hear the case," they "must be decided first."  *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 (4th Cir. 1999) (internal quotations omitted); *see also Nelson v. F. Hoffmann-La Roche, Inc.*, No. 21-CV-10074-TLT, 2022 WL 19765995, at *1 (N.D. Cal. Nov. 2, 2022) (Thompson, J.) (granting discovery stay pending resolution of the Defendants' "mo[tion] to dismiss the entire complaint for lack of subject matter jurisdiction" and for failure to state a claim).  Adeia proposed a stipulation that would stay discovery in this case pending resolution of Adeia's motion to dismiss, but X did not agree, and instead served Rule 26(a)(1) initial disclosures identifying over twenty individuals to be deposed about its declaratory judgment claims, together with additional

interrogatories and requests for production for good measure. Ex. 1 (2/29/2024 Discovery Service Email). In the interests of avoiding unnecessary waste of Court and party resources, Adeia moves to stay discovery and case deadlines pending resolution of its motion to dismiss. Adeia also respectfully requests that the Court enter a protective order extending Adeia's deadline to respond to X's discovery requests, until after the Court rules on Adeia's motion to dismiss. If Adeia's motion is granted, the case will end, and all of X's discovery requests will be moot.

## II.  LEGAL STANDARD

Federal district courts have "wide discretion" in controlling discovery. *Nelson*, 2022 WL 19765995, at *1 (Thompson, J.). "The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Arledge v. Boise City Att'y*, No. 22-35358, 2023 WL 4994529, at *1 (9th Cir. Aug. 4, 2023) (same). Consistent with the Ninth Circuit's instruction, courts within this district employ a two-part test to determine whether to stay discovery pending resolution of a motion to dismiss. First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *In re Nexus 6p Prods. Liab. Litig.*, No. 17-CV-02185, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). Second, "the court must determine whether the pending motion can be decided absent discovery." *Id.*; *see also Onuoha v. Facebook, Inc.*, No. 5:16-CV-06440, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7, 2017). In applying this two-part test, the court must take a "preliminary peek" at the merits of the pending dispositive motion in determining whether a stay is appropriate. *Nexus*, 2017 WL 3581188, at *2.

## III.  ARGUMENT

### A.  This Case Meets The Two-Part Test For A Stay Of Discovery Pending Resolution Of A Motion To Dismiss

Here, Adeia's motion to dismiss is potentially dispositive of all claims alleged in X's Complaint, and resolution of Adeia's motion can be decided absent discovery. Accordingly, a stay of discovery is more than justified under this District's two-part test. A stay would conserve judicial and party resources, and would not prejudice either party. On the other hand, leaping into discovery

on claims that should be dismissed in their entirety would severely prejudice Adeia, which has still not accused X of patent infringement, and still maintains that X is licensed under its patents.

1.  Adeia's Motion to Dismiss Is Potentially Dispositive Of X's Entire Case

Adeia has moved to dismiss all of X's declaratory judgment claims in their entirety for lack of subject matter jurisdiction, requesting case-dispositive relief. *Azuga, Inc. v. Fleet Connect Solutions LLC*, No. 22-cv-04790-TLT, ECF No. 44 (Order) at 2 (N. D. Cal. Mar. 13, 2023) (granting motion to stay discovery pending resolution of a motion to dismiss, because "[D]efendant's motion to dismiss, if granted, will dispose of the entire action . . . ."). Thus, the first prong of this District's test is satisfied.

Adeia's challenges to the Complaint are both significant and meritorious, thus further counseling in favor of a stay of discovery. *See Nelson*, 2022 WL 19765995, at *1 (staying discovery until a ruling on pending motion to dismiss where defendant raised "numerous significant challenges to the complaint"); *see also Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (granting a stay where "[Defendant's] motion to dismiss presents strong arguments, which could prove difficult for Plaintiffs to overcome"). A "preliminary peek" at the merits of Adeia's Motion, *see Nexus*, 2017 WL 3581188, at *2, reveals at least the following jurisdictional deficiencies in the Complaint:

***No "Affirmative Act" By Adeia Supporting Subject Matter Jurisdiction.*** The sole claims in X's Complaint are for declaratory judgment of non-infringement as to four of Adeia's patents (hereinafter, the "Patents" or "Declaratory Judgment Patents"). Compl. ¶ 1. Federal courts have subject matter jurisdiction over such claims ***only*** when there is an actual case or controversy created by a patentee's "affirmative act." MTD at 4; *see Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012) (citations omitted), *rev'd in part on other grounds by Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013). Here, X does not (and cannot) allege any "affirmative act" by Adeia. It is undisputed that Adeia has never discussed the Declaratory Judgment Patents with X, much less threatened X with an infringement lawsuit or exchanged claim charts related to the Patents. MTD at 8. Adeia has never enforced the Declaratory Judgment Patents against any party. MTD at 4. Moreover, the vast majority of the

thirteen factors California district courts evaluate in assessing whether an "affirmative act" has occurred weigh against jurisdiction here. *See* MTD at 6–12; *Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 967–68 (N.D. Cal. 2020). Though X purports to address these factors in its opposition, MTD Opp. at 6–11, its arguments are severely flawed and cannot support jurisdiction, including because it attempts to attribute its ***own*** affirmative actions to Adeia. MTD Reply (ECF No. 37) at 10:19–13:21.

Indeed, another California district court, faced with a nearly identical set of facts as those in this case, found that there was no "affirmative act" and accordingly, no subject matter jurisdiction. Mot. at 6 (citing *In re Qualcomm Litig.*, No. 17-CV-108, 2017 WL 5985598, at *15–16 (S.D. Cal. Nov. 8, 2017) (finding no subject matter jurisdiction where the patentee "ha[d] never accused [plaintiff] of infringing the" declaratory judgment patents, "never presented or even referred to claim charts" for those patents, and did not indicate "that it would imminently assert its patent rights," and the plaintiffs' existing license could not create subject matter jurisdiction because the contracted-for royalty payments were not conditioned on infringement)). X's various attempts to distinguish *Qualcomm*, MTD Opp. at 8: 2–13, contradict both *Qualcomm* itself as well as X's Complaint. MTD Reply at 6:10–7:11.

***Adeia's State Court Suit Is Not An "Affirmative Act" To Enforce Its Patent Rights.*** X repeatedly claims that Adeia's breach of contract action in state court, where Adeia is presently exercising its contractual rights to recover X's unpaid royalty payments under the parties' patent license agreement ("PLA"), is an "affirmative act" to enforce Adeia's patent rights. Compl. ¶ 31.

However, X's contention relies on a small body of cases that are uniformly distinguishable from the present facts in two critical respects: (1) those cases involved patent licenses covering a discrete number of key patents that both parties understood applied to the licensee's products; and (2) those patent licenses conditioned royalty payments on the infringement and validity of the key covered patents. *See* MTD Reply at 7:12–9:17. In other words, the patentees and licensees in those cases were all situated such that any dispute over a breach of the license ***necessarily*** created adverse interests between the parties as to non-infringement of ***specific patents***. No such dispute has arisen here. The PLA is a broad portfolio license; the PLA's royalty payments are not conditioned on

infringement or validity; and there is no evidence whatsoever that the Declaratory Judgment Patents bore any relationship to either party's decision to enter into the license in the first instance. MTD at 13:1–16; MTD Reply at 9:5–10:17.

A declaration that X does not infringe the Declaratory Judgment Patents would have no bearing whatsoever on X's obligation to make payments under the PLA (which Adeia has reaffirmed remains in full force and effect) and would therefore not "affect the legal relationship between the parties." *See Qualcomm*, 2017 WL 5985598, at *20.

***Circumstances Strongly Favor Abstention.*** Even if, contrary to fact, there was subject matter jurisdiction, there is ample reason for this Court to exercise its discretion to decline to hear the case. Jurisdiction under the Declaratory Judgment Act is not mandatory, and courts routinely consider "[w]hether the declaratory action will settle all aspects of the controversy" in deciding whether to exercise discretion. *Neilmed Prod., Inc. v. Med-Sys., Inc.*, 472 F. Supp. 2d 1178, 1180 (N.D. Cal. 2007) (quoting *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)). As explained above, a declaration of non-infringement would not settle the only true dispute between the parties—whether X must pay the royalties it agreed to pay Adeia under the PLA, which is the subject of the pending state court suit. Here, the Declaratory Judgment Patents are four of the many patents presently licensed to X—four patents Adeia has never once suggested that X infringes. A declaration of non-infringement would do nothing to "settle all aspects of the controversy" because no controversy surrounding the Patents exists. MTD Reply at 13:22–14:27.

### 2. Adeia's Motion To Dismiss May Be Decided Absent Discovery

The second prong of the test is satisfied because no discovery is necessary to decide the Motion. It is dispositive of this question that X filed its opposition to Adeia's Motion without ever seeking jurisdictional discovery, alleging additional facts in support of its Complaint, or including a factual declaration. ECF No. 35 (MTD Opp.); *see Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.*, No. 1:21-CV-286, 2022 WL 20613653, at *3 (E.D. Tenn. June 7, 2022) (granting a stay of discovery, and noting that "Plaintiff filed an extensive brief in opposition to the motion" in which Plaintiff does not "claim additional discovery is needed to fully defend the motion"); *In re Nexus*, 2017 WL 3581188, at *2 (granting motion to stay discovery, noting that the "pending

motions to dismiss are fully briefed, and can be decided without additional discovery"); *Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) (same).

X had ample opportunity to do so: Adeia plainly raised a factual challenge to subject matter jurisdiction in its motion. *E.g.*, MTD at 5:4–14 (citing *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1378 (Fed. Cir. 2012) ("[O]nce challenged, allegations alone are insufficient to meet the complainant's burden to establish jurisdiction. The district court must satisfy itself that there is a factual basis for it to exercise jurisdiction.")). X also requested, and received, a three-week extension of time to respond to Adeia's motion. ECF No. 33 (extending deadline to respond from January 30 to February 20). X cannot now claim that discovery is necessary to resolve its motion, particularly when it did not even serve its first discovery requests until February 29. *See* Ex. 1.

Thus, because both prongs of this District's two-part test have been satisfied, a "protective order [staying discovery] may issue[.]" *Nelson*, 2022 WL 19765995, at *1.

### B.     The Nature of This Case Particularly Warrants A Stay of Discovery

Additional circumstances further compel a stay of discovery here. First, X has readily admitted that it filed this lawsuit not to resolve imminent uncertainty regarding the Declaratory Judgment Patents, but to stake a claim on a litigation forum, not for the current case but in the event some other hypothetical claims are filed in the future. MTD Opp. at 1; ECF No. 37-3 (2/13/2024 X Email). X's motivations in filing suit are not only heavily disfavored under the Declaratory Judgment Act, but confirm that no prejudice would flow from a delay in these proceedings while Adeia's motion is resolved. Second, because Adeia's motion to dismiss challenges the threshold issue of subject matter jurisdiction, a ruling in Adeia's favor would conclusively resolve all pending claims in this action. As such, it would be a waste of judicial and party resources to proceed with the substantial expense of fact discovery and potential associated disputes while this threshold question is still pending. Third, the discovery requested to date by X, as well as the default deadlines under the Patent Local Rules, are unduly burdensome in view of the facts of this case.

In exercising its discretion over discovery, district courts consider, among other things, whether failure to grant a stay would be unduly burdensome and expensive. *See, e.g.*, *Clardy v. Gilmore*, 773 Fed. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery because discovery

would be "an unnecessary burden and expense before threshRold, dispositive issues … were resolved"); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]").

### 1. X Admits That This Case Is A Pretextual Attempt To Forum Shop Rather Than To Resolve An "Immediate" Dispute Between The Parties

A discovery stay is especially appropriate here because X does not appear to want this case to proceed ***at all***, much less into discovery. After Adeia filed its Motion, but before X filed its Opposition, X wrote to Adeia's counsel stating that it is "mindful of Adeia's contention that there's no case or controversy between the parties" and offered to "dismiss this action without prejudice if Adeia agrees that, if it later sues X for patent infringement, it will do so in the Northern District of California." ECF No. 37-3 (2/13/2024 X Email). In making such an offer, X has confirmed that this lawsuit is nothing more than a pretext for claiming its preferred jurisdiction for a case that Adeia has neither filed nor made any indication that it intends to ***ever*** file. X doubled down on this improper purpose in its opposition to Adeia's motion to dismiss, wherein it admitted that "[w]hat is at issue in this motion, therefore, is … ***where*** [a] lawsuit will proceed." MTD Opp. at 1:23–25 (emphasis added). Without any basis in fact, X then claimed that "Adeia hopes to sue X in a distant forum to drive up its litigation costs" and expressed its own "prefer[ence] that the litigation proceed in this district[.]" *Id.*

Based on X's improper use of this lawsuit to stake a claim on its desired forum—for future litigation that neither been filed nor even threatened, and may never occur—the Court and the parties should not be forced to bear the burdens of discovery prior to resolution of Adeia's motion. *See Lear Siegler Inc. v. Adkins*, 330 F.2d 595, 602 (9th Cir. 1964) ("The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum."). Moreover, X's motivations in filing suit confirm that no prejudice would result from a delay in proceedings to resolve Adeia's challenge to subject matter jurisdiction.

A stay of discovery is strongly warranted here.

### 2. Questions Of Subject Matter Jurisdiction Must Be Decided First

It is well-settled that "questions of subject matter jurisdiction must be decided first, because

they concern the court's very power to hear the case." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.2 (4th Cir. 1999). "[T]here is no question that a stay would conserve judicial economy" where subject matter jurisdiction has been challenged on a pending motion to dismiss. *See Snake River Waterkeeper v. J.R. Simplot Co.*, No. 1:23-CV-00239-DCN, 2023 WL 5748152, at *6 (D. Idaho Sept. 6, 2023) ("Given its heavy docket, the Court has neither the time nor the inclination to potentially referee discovery and decide discovery motions before the **threshold issue of subject matter jurisdiction is even decided**." (emphasis added)).

Courts routinely stay discovery where subject matter jurisdiction has been challenged. *See, e.g., Johnson v. Ashmore*, No. 3:15-CV-2475-K, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (granting motion to stay discovery pending motion to dismiss for lack of subject matter jurisdiction because a stay "is proper until such preliminary questions are decided"). Indeed, this Court has granted discovery stays in other cases where a challenge to subject matter jurisdiction is pending. *Nelson*, 2022 WL 19765995, at *1 (Thompson, J.) (granting discovery stay pending resolution of the Defendants' "mo[tion] to dismiss the entire complaint for lack of subject matter jurisdiction" and for failure to state a claim); *Azuga, Inc.*, No. 22-cv-04790-TLT, ECF No. 44, Order, at 1–2 (granting discovery stay where the defendant's motion to dismiss raised challenged the court's subject matter jurisdiction over plaintiff's claim for declaration of non-infringement and invalidity).

This case should be no exception. Given that Adeia's motion is directed to X's Complaint in its entirety, Adeia should not be required "to expend resources and perform much work in responding to discovery that might be mooted by the granting of the motion[.]" *Estate of Bock v. Cty. of Sutter*, No. CIV. S-11-0536, 2012 WL 94618, at *2 (E.D. Cal. Jan. 9, 2012).

### 3. Proceeding With X's Requested Discovery And Patent Local Rule Deadlines Would Unduly Prejudice And Burden Adeia

Finally, absent a stay of discovery, the Patent Local Rules would require Adeia to serve infringement contentions under Patent L.R. 3-1 prior to receiving any technical discovery from X, despite the fact that Adeia has never previously taken a position as to whether or not X infringes the Declaratory Judgment Patents, and notwithstanding the fact that (as would be expected given the pretextual nature of the case) X has not even indicated which of its product features or activities it

might seek to argue do not infringe even a single patent claim.  X has refused to agree to a stay of the default deadlines, but under these circumstances requiring Adeia to proceed with those deadlines would be both nonsensical and prejudicial.  Indeed, the Patent Local Rules specifically empower courts in this District to address circumstances such as these by "modify[ing] the obligations or deadlines set forth in these Patent Local Rules based on the circumstances of any particular case, including, without limitation, the simplicity or complexity of the case."  Patent L.R. 1-3.  Such a modification is appropriate in this case, because the default deadlines do not accommodate a scenario where, as here, a potentially case-dispositive motion to dismiss for lack of subject matter jurisdiction is not scheduled to be heard until after the Patent Local Rules require service of infringement contentions, and the patentee has ***never previously alleged infringement*** of the patents.

Furthermore, X's requested discovery is not reasonable.  Despite being the only party to date that has ever alleged that X infringes (or does not infringe) the Declaratory Judgment Patents, its Rule 26(a)(1) disclosures broadly identify unnamed "X Engineers and/or Managers" as being knowledgeable regarding its claims.  It then identifies nineteen separate individuals as allegedly knowledgeable regarding the prosecution of the Declaratory Judgment Patents, and the execution of the PLA.  Ex. 2 (X's Initial Disclosures).  As explained in Adeia's Motion to Dismiss, however, the parties are ***already*** litigating matters relevant to the PLA in Adeia's separate, and first-filed, state court action.  *Adeia Media LLC v. X Corp.*, No. 23-CV-420578 (Santa Clara County Super. Ct., Aug. 7, 2023); MTD at 4.  X thus appears to be requesting discovery that is entirely duplicative of matters already being addressed in co-pending litigation.

Such duplicative discovery further underscores the necessity for a stay here, as well as the fact that no prejudice would flow from such a stay.

**IV.    CONCLUSION**

For the foregoing reasons, Adeia respectfully requests that the Court stay all discovery, including any disclosures required under the Patent Local Rules, as well as Adeia's deadlines to respond to X's February 29, 2024 Requests for Production and Interrogatories, pending the Court's ruling on Adeia's motion to dismiss.

| | |
|---|---|
| Dated: March 5, 2024 | Respectfully submitted, |
| | By:    */s/ Charlotte J. Wen* <br>        Charlotte J. Wen |
| | Benjamin W. Hattenbach (SBN 186455) <br> Charlotte J. Wen (SBN 313572) <br> **IRELL & MANELLA LLP** <br> 1800 Avenue of the Stars, Suite 900 <br> Los Angeles, California 90067 <br> Telephone: (310) 277-1010 <br> bhattenbach@irell.com <br> cwen@irell.com |
| | A. Matthew Ashley (SBN 198235) <br> **IRELL & MANELLA LLP** <br> 840 Newport Center Drive, Suite 400 <br> Newport Beach, California 92660 <br> Telephone: (949) 760-0991 <br> mashley@irell.com |
| | *Counsel for Defendants* <br> ADEIA INC., ADEIA MEDIA LLC, <br> ADEIA GUIDES INC. |