KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
KRISTEN E. LOVIN - # 293688
klovin@keker.com
TAYLOR REEVES - # 319729
treeves@keker.com
EMILY A. HASSELBERG - # 326990
ehasselberg@keker.com
AMRUTHA DORAI - # 352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>ADEIA INC., a Delaware corporation; ADEIA MEDIA LLC, a Delaware limited liability company; and ADEIA GUIDES INC. (f/k/a ROVI GUIDES INC.), a Delaware corporation,<br><br>            Defendant. | Case No. 3:23-cv-06151-TLT<br><br>**PLAINTIFF X CORP.'S OPPOSITION TO ADEIA'S MOTION TO STAY**<br><br>Date:       April 11, 2024<br>Time:      2:00 p.m.<br>Dept.:      Courtroom F, 15th Floor<br>Judge:     Hon. Peter H. Kang<br><br>Date Filed:  November 28, 2023<br>Trial Date:  March 23, 2026 |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... - 1 -

II. LEGAL STANDARD...................................................................................................... - 1 -

III. ARGUMENT ................................................................................................................... - 3 -

    A. Adeia's motion to stay discovery will be moot by its own terms. ....................... - 3 -

    B. Adeia has not met its "heavy burden" to demonstrate that a stay of discovery is warranted. ............................................................................................ - 4 -

        1. Adeia's motion to dismiss will not dispose of the entire case. ................ - 4 -

            a. Adeia is unlikely to prevail on its motion to dismiss. ................. - 4 -

            b. Adeia's motion is not truly dispositive because of the likelihood of leave to amend. ........................................................ - 6 -

        2. X has propounded discovery relevant to the pending motion to dismiss.......................................................................................................... - 7 -

    C. The Court should not exercise its discretion to grant a stay. .............................. - 9 -

        1. Adeia has not demonstrated that starting discovery will be burdensome. .............................................................................................. - 9 -

        2. Adeia's meritless forum shopping accusations do not support a stay. .- 10 -

IV. CONCLUSION.............................................................................................................. - 11 -

**TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Ameranth, Inc. v. ChowNow, Inc.*,
  2021 WL 3686056 (S.D. Cal. Aug. 19, 2021) ............................................................................6

*Baseload Energy, Inc. v. Roberts*,
  2012 WL 13047523 (D.D.C. Mar. 27, 2012) .........................................................................5, 6

*Beverly Hills Teddy Bear Co., Inc. v. GennComm, LLC*,
  No. 2020 WL 7049537 (C.D. Cal. Oct. 1, 2020) .......................................................................6

*C-Innovation, LLC v. Trendsetter Eng'g, Inc.*,
  2021 WL 253858 (E.D. La. Jan. 26, 2021) ................................................................................5

*C.R. Bard, Inc. v. Schwartz*,
  716 F.2d 874 (Fed. Cir. 1983) ...................................................................................................5

*Davis v. United States*,
  2017 WL 1862506 (N.D. Cal. May 9, 2017) .............................................................................3

*Essai, Inc. v. Delta Design, Inc*,
  2013 WL 6248393 (N.D. Cal. Dec. 3, 2013) .............................................................................7

*Friend v. United States*,
  2022 WL 2828784 (W.D. Wash. July 20, 2022) .......................................................................3

*Grenke v. Hearst Commc'ns, Inc.*,
  2014 WL 6909883 (E.D. Mich. Dec. 8, 2014) ..........................................................................8

*Hero Nutritionals, Inc. v. Vitastix, Inc.*,
  2010 WL 11580048 (C.D. Cal. Apr. 23, 2010) .........................................................................6

*Hon Hai Precision Indus. Co. v. Wi-LAN, Inc.*,
  2013 WL 2322675 (S.D.N.Y. May 28, 2013) ...........................................................................6

*Leadsinger, Inc. v. BMG Music Publ'g*,
  512 F.3d 522 (9th Cir. 2008) .....................................................................................................7

*Linzer Prod. Corp. v. Sekar*,
  499 F. Supp. 2d 540 (S.D.N.Y. 2007) .......................................................................................6

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) ...................................................................................................7

*Miotox LLC v. Allergan, Inc.*,
  2015 WL 2084493 (C.D. Cal. May 5, 2015) .............................................................................6

*Nat. Alternatives, LLC v. JM Farms*,
    2013 WL 5467675 (E.D. Ky. Sept. 30, 2013) .......... 6

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
    2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) .......... 2, 6, 7

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
    220 F.R.D. 349 (N.D. Cal. 2003) .......... 2, 4

*Painter-Hart v. Sientra, Inc.*,
    2021 WL 6327692 (E.D. Tenn. Mar. 19, 2021) .......... 8

*Palantir Techs. Inc. v. Abramowitz*,
    2020 WL 13548687 (N.D. Cal. Jan. 30, 2020) .......... 2, 9

*Power Integrations, Inc. v. Park*,
    2016 WL 10859441 (N.D. Cal. Dec. 2, 2016) .......... 1, 2, 4

*Robin Singh Educ. Servs., Inc. v. Excel Test Prep*,
    2004 WL 2554454 (N.D. Cal. Nov. 9, 2004) .......... 4

*S.E.C. v. Inv. Tech., Inc.*,
    2004 WL 7197314 (D. Nev. July 29, 2004) .......... 1, 4

*Salaiz v. eHealthInsurance Servs., Inc.*,
    2023 WL 2622138 (N.D. Cal. Mar. 22, 2023) .......... 6

*Singh v. Google, Inc.*,
    2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) .......... 2, 6, 7, 9

*Unisense Fertilitech A/S v. Auxogyn, Inc.*,
    896 F. Supp. 2d 822 (N.D. Cal. 2012) .......... 7

*WhatsApp Inc. v. NSO Grp. Techs. Ltd.*,
    472 F. Supp. 3d 649 (N.D. Cal. 2020), *aff'd on other grounds*, 17 F.4th 930
    (9th Cir. 2021) .......... 3

*Yodlee, Inc. v. Ablaise Ltd.*,
    2008 WL 11389257 (N.D. Cal. Sept. 30, 2008) .......... 7

**Rules**

Fed. R. Civ. P. 15(a) .......... 7

Fed. R. Civ. Proc. 26(a)(1)(C) .......... 3

L.R. 3-1 .......... 10

L.R. 3-4(a) .......... 10

Rule 26 .......... 1

Rule 26(a)(1) ..................................................................................................................... 3, 9

Rule 26(a)(1)(A)(i) ................................................................................................................ 9

Rule 26(c) .............................................................................................................................. 2

Rule 26(f) .............................................................................................................................. 3

Plaintiff X Corp. ("X") respectfully submits the following opposition to Defendants Adeia Inc., Adeia Media LLC, and Adeia Guides Inc.'s (collectively, "Adeia's") Motion to Stay Discovery ("Mot."), ECF No. 40.

## I.   INTRODUCTION

Adeia's Motion to Stay Discovery is moot by its own terms. Adeia claims that a stay is warranted due to its pending motion to dismiss. *See* Mot. at 2. But because of Adeia's multi-month delay in seeking a stay, its motions to dismiss and to stay will likely be decided concurrently or within a few weeks of each other—in fact, the hearing on the motion to stay is now scheduled for *after* the hearing on the motion to dismiss. Thus, Adeia's motion to stay is entirely redundant with its motion to dismiss; the Court's resolution of the motion to dismiss will resolve all issues raised in the motion to stay.

Indeed, Adeia seemingly filed its stay motion *not* to obtain a ruling from the Court (since, as set forth above, the motion will be mooted by or around the time the Court may decide it), but rather to use the pendency of the motion as an excuse to resort to self-help and disregard its discovery obligations. For example, Adeia did not serve initial disclosures on the deadline set by Rule 26, apparently on the theory that it should be excused from discovery while its motion to dismiss is pending. However, the pendency of a motion to stay discovery does not relieve a party of its discovery obligations. *See, e.g.*, *S.E.C. v. Inv. Tech., Inc.*, 2004 WL 7197314, at *5 (D. Nev. July 29, 2004) (finding it "inexcusable" for defendants to fail to respond to document requests due to a pending motion to stay).

In any event, Adeia has failed to meet its heavy burden of demonstrating that a denial of discovery is warranted under these circumstances. In particular, Adeia has not shown that its motion to dismiss will dispose fully of X's suit, that its pending motion to dismiss can be decided absent discovery, or that discovery propounded by X thus far poses a significant burden. Its motion to stay should therefore be denied.

## II.   LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Power Integrations, Inc. v. Park*,

- 1 -

2016 WL 10859441, at *1 (N.D. Cal. Dec. 2, 2016) (citation omitted) (denying motion to stay in patent case while motion to dismiss was pending). If the Federal Rules contemplated that a motion to dismiss would stay discovery as a matter of course, "the Rules would contain a provision to that effect," and "such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.*; *see also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) ("[B]lanket stays of all discovery matters are an exception to the rules rather than enunciated in the rules.").

While district courts have considerable latitude under Rule 26(c) to manage the timing and sequence of discovery, a party seeking a stay of discovery nonetheless "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Palantir Techs. Inc. v. Abramowitz*, 2020 WL 13548687, at *1 (N.D. Cal. Jan. 30, 2020) (citation omitted). "[T]he moving party must show a particular and specific need" for a stay, "as opposed to making stereotyped or conclusory statements" or "superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation." *Optronic Techs.*, 2018 WL 1569811, at *1.

Courts in this district have applied a two-pronged test to determine whether a stay of discovery may be issued while a dispositive motion is pending. *See, e.g., Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 354 (N.D. Cal. 2003); *Singh v. Google, Inc.*, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016). First, the pending motion must potentially dispose of the entire case, or at least the issue at which discovery is directed. *See Pac. Lumber Co.*, 220 F.R.D. at 354. Second, the Court must be able to decide the pending dispositive motion without additional discovery. *See id*. "If the court answers these two questions in the affirmative, a protective order *may* issue." *See id*. at 352 (emphasis added). The Court maintains its discretion to consider factors beyond these two prongs in determining whether the moving party has carried its burden to establish the necessity of a stay. In particular, courts in this District routinely consider whether the party seeking a stay has "demonstrated that denial of the stay would be burdensome." *See, e.g., Palantir Techs.*, 2020 WL 13548687, at *3 (denying stay of discovery in part because defendants failed to demonstrate that "denial of the stay would be burdensome"); *Singh*, 2016 WL 10807598, at *2; *Optronic Techs.*, WL 1569811, at *2.

**III.     ARGUMENT**

**A.     Adeia's motion to stay discovery will be moot by its own terms.**

Adeia seeks to stay discovery solely on the grounds of its pending motion to dismiss. *See* Mot. at 2. But because Adeia delayed seeking a stay for almost two months after moving to dismiss,[1] the motion to stay will be mooted by a ruling on the motion to dismiss. Indeed, the hearing on Adeia's motion to stay is currently scheduled for after the hearing on its motion to dismiss: the motion to dismiss is scheduled to be heard on April 9, 2024, and the motion to stay on April 11, 2024. Accordingly, the motion to stay is likely to be moot no matter how the Court rules on the motion to dismiss. If the Court denies Adeia's motion to dismiss, then there is no longer any pending dispositive motion potentially justifying a stay. *See WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 686 (N.D. Cal. 2020) (finding motion to stay discovery moot upon denial of motion to dismiss as to all but one issue), *aff'd on other grounds*, 17 F.4th 930 (9th Cir. 2021); *Davis v. United States*, 2017 WL 1862506, at *3 (N.D. Cal. May 9, 2017) (same). And if the Court grants Adeia's motion to dismiss, discovery will not proceed and there will be no need for a stay (unless and until X files an amended complaint pursuant to leave). *See Friend v. United States*, 2022 WL 2828784, at *3 (W.D. Wash. July 20, 2022) (denying stay of discovery as moot because underlying motion to dismiss was granted).

Adeia could have moved for a stay of discovery at any point after filing its motion to dismiss on January 16, 2024. But due to its own delay, its motion to stay has become superfluous. Adeia's real aim with its motion to stay thus appears to be to give itself cover as it engages in impermissible self-help in shirking its discovery obligations, which it has already begun to do.

For example, Adeia's Rule 26(a)(1) initial disclosures were due on February 29, 2024, fourteen days after the parties' Rule 26(f) conference on February 15. Fed. R. Civ. Proc. 26(a)(1)(C). Adeia failed to serve initial disclosures at that time (and still has not done so), instead apparently assuming that its forthcoming motion to stay would excuse that obligation. While the Court subsequently entered a scheduling order moving the deadline for initial disclosures to June

---

[1] Adeia filed its motion to dismiss on January 16, 2024, ECF No. 23, and its present motion to stay on March 5, 2024, ECF No. 40.

10, 2024, this extension did not occur until March 7, 2024—*after* the original initial disclosure deadline had already passed. ECF No. 42. Adeia's actions suggest an impermissible intent to avoid discovery obligations while its motion to stay is pending—using the motion to stay as "cover" for simply refusing to engage in discovery. *See Robin Singh Educ. Servs., Inc. v. Excel Test Prep*, 2004 WL 2554454, at *2 (N.D. Cal. Nov. 9, 2004) (finding it improper for defendants to cancel depositions due to pending motion to stay discovery). A party cannot unilaterally stop fulfilling discovery obligations because of a pending motion to stay. *See S.E.C.*, 2004 WL 7197314, at *1 (finding it "inexcusable" for defendants to fail to respond to document requests due to a pending motion to stay).

The Court should therefore deny Adeia's motion as moot.

**B.   Adeia has not met its "heavy burden" to demonstrate that a stay of discovery is warranted.**

Under the two-part test used by courts in this District for evaluating a discovery stay, Adeia has not met its burden of demonstrating that (i) its pending motion to dismiss is likely to dispose of the entire case and (ii) its motion to dismiss can be decided without additional discovery. *See Pac. Lumber Co.*, 220 F.R.D. at 354.

**1.   Adeia's motion to dismiss will not dispose of the entire case.**

**a.   Adeia is unlikely to prevail on its motion to dismiss.**

In determining whether a motion to dismiss will dispose of the entire suit, "the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Power Integrations*, 2016 WL 10859441, at *1 (internal citation omitted). As X explained in its opposition to Adeia's motion to dismiss, *see* ECF No. 35, the Court can (and should) exercise subject matter jurisdiction over X's complaint for declaratory judgment.

Adeia is a patent-licensing entity. It does not sell products or services. Compl. ¶ 23 (citing Adeia 10-K at 4). Its entire business is to amass patents, threaten targets such as X to force them to take licenses, and sue the ones who refuse. Adeia states that its business model involves "expend[ing] significant time and effort identifying users and potential users of [its] inventions and negotiating license agreements with companies, including those that may be reluctant to pay for licenses to [its] IP." Compl. ¶ 32 (quoting Adeia 10-K). It acknowledges that it "ha[s] in the past

- 4 -

commenced, and may in the future, commence legal or administrative action against the third party if they refuse to enter into a license agreement with us." *Id.* X entered into a license agreement with Adeia based on Adeia's demands pursuant to this strategy. Now, no longer wishing to pay royalties on patents that it does not and never has used, X has ceased making PLA payments and terminated the PLA. *See id*. at ¶ 28. Given Adeia's publicly stated business strategy of filing litigation when parties are unwilling to accede to license agreements, X has a pressing interest in a declaration of non-infringement as to the patents-in-suit—which are directly relevant to X's business, although X does not infringe them—so that it can continue its social media operations undisturbed. See *C-Innovation, LLC v. Trendsetter Eng'g, Inc.*, 2021 WL 253858, at *10 (E.D. La. Jan. 26, 2021) (finding jurisdiction existed where plaintiff had been compelled to enter license agreement and ceased making royalty payments, because declaration was necessary for licensee to proceed with planned projects); *Baseload Energy, Inc. v. Roberts*, 2012 WL 13047523, at *5 (D.D.C. Mar. 27, 2012) (finding jurisdiction existed where licensee ceased making license agreement payments, because patent holder "directly, albeit implicitly, conveyed to [licensee] that it needed a license" to operate its business).

But Adeia has gone even further, filing a state court suit to enforce its rights under the PLA. Controlling case law holds that jurisdiction exists under these circumstances because the patent holder has already demonstrated its willingness to enforce its patent rights, and "could at any time take action against [the licensee] by bringing an infringement suit." *See C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 881 (Fed. Cir. 1983). While Adeia complains that X relies "on a small body of cases" in its argument for jurisdiction, *see* Mot. at 4, numerous district courts throughout the country have followed *Bard*'s lead in declaratory judgment actions for both non-infringement and invalidity, finding that failure to pay license agreement royalties creates jurisdiction where the

patent holder has taken the affirmative step of filing suit to enforce it.[2]  Despite Adeia's strained attempts to distinguish these cases, *see* Mot. at 4, the logic here is simple: a suit to enforce a license agreement constitutes "conduct that can reasonably be inferred as demonstrating an intent to enforce a patent," and coupled with Adeia's stated business model of litigating to enforce its patent rights when a party is unwilling to accede to a license agreement, creates jurisdiction.  *See Baseload*, 2012 WL 13047523, at *5.

Although Adeia has repeatedly danced around the issue, it refuses to come out and definitively state that X does not need a license to these patents, or to give X a covenant not to sue, which it could do at any time.  On these facts, and in light of precedent both from the Federal Circuit and numerous district courts, the existence of jurisdiction is not controversial.

> **b.    Adeia's motion is not truly dispositive because of the likelihood of leave to amend.**

Adeia claims that its motion to dismiss, if granted, will dispose of X's entire suit.  Mot. at 3.  But it ignores the fact that courts within this district routinely find that motions to dismiss are not fully dispositive of an entire suit where leave to amend will likely be granted upon dismissal.  *See, e.g.*, *Salaiz v. eHealthInsurance Servs., Inc.*, 2023 WL 2622138, at *6 (N.D. Cal. Mar. 22, 2023) ("[B]ecause the Court granted leave to amend, the motions [to dismiss] that were pending before the Court were not dispositive."); *Optronic Techs.*, 2018 WL 1569811, at *1 (denying motion to stay where moving defendant assumed the court would not grant leave to amend); *Singh*, 2016 WL 10807598 at *2 (same).

---

[2] *See, e.g., Hero Nutritionals, Inc. v. Vitastix, Inc.*, 2010 WL 11580048, at *4 (C.D. Cal. Apr. 23, 2010) (finding jurisdiction over declaratory judgment claims of non-infringement and invalidity where licensee refused to pay royalties and patent holder sued in state court); *Miotox LLC v. Allergan, Inc.*, 2015 WL 2084493, at *5-6 (C.D. Cal. May 5, 2015) (same); *Ameranth, Inc. v. ChowNow, Inc.*, 2021 WL 3686056, at *19 (S.D. Cal. Aug. 19, 2021) (same); *Nat. Alternatives, LLC v. JM Farms,* 2013 WL 5467675, at *3 (E.D. Ky. Sept. 30, 2013) (finding jurisdiction over declaratory judgment claim of patent unenforceability where patent holder sued licensee for failure to pay royalties on license agreement); *Hon Hai Precision Indus. Co. v. Wi-LAN, Inc.*, 2013 WL 2322675, at *6 (S.D.N.Y. May 28, 2013) (finding jurisdiction over declaratory judgment claims of non-infringement, invalidity, and unenforceability where patent holder brought suit over license agreement non-payment in state court); *Linzer Prod. Corp. v. Sekar*, 499 F. Supp. 2d 540, 560 (S.D.N.Y. 2007) (finding jurisdiction over invalidity declaratory judgment claims based on dispute over payment of license agreement royalties); *Beverly Hills Teddy Bear Co., Inc. v. GennComm, LLC*, No. 2020 WL 7049537, at *2 (C.D. Cal. Oct. 1, 2020) (finding jurisdiction over declaratory judgment claims of invalidity and unenforceability where licensee refused to make royalty payments and patent holder sued in state court).

Even if Adeia's motion to dismiss is granted, leave to amend should be "freely give[n]" "when justice so requires." Fed. R. Civ. P. 15(a). The standard for leave to amend in this Circuit is pointedly liberal: "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). District courts generally deny leave to amend only where allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). When courts in this district have dismissed patent declaratory judgment claims for lack of subject matter jurisdiction due to the plaintiff's failure to state a justiciable controversy, they routinely grant leave to amend. *See, e.g.*, *Essai, Inc. v. Delta Design, Inc*, 2013 WL 6248393, at *4 (N.D. Cal. Dec. 3, 2013); *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896 F. Supp. 2d 822, 831 (N.D. Cal. 2012); *Yodlee, Inc. v. Ablaise Ltd.*, 2008 WL 11389257, at *3 (N.D. Cal. Sept. 30, 2008). In fact, leave to amend was granted in *In re Qualcomm Litigation*, the very case that Adeia claims involves a "nearly identical set of facts as those in this case." Mot. at 4; *Qualcomm*, 2017 WL 5985598, at *12 (S.D. Cal. Nov. 8, 2017) ("The Court will grant leave to amend[.]").

Even if the Court grants Adeia's motion to dismiss, it should grant leave to amend. As in other declaratory judgment patent suits, amendment would not unduly prejudice Adeia—which is solely a licensing and litigation entity—cause undue delay, or be futile, and there is no suggestion that X has acted in bad faith. Because leave to amend would be proper, Adeia's motion to dismiss is not fully dispositive such that a stay of discovery is warranted. *See Singh*, 2016 WL 10807598 at *2; *Optronic Techs.*, 2018 WL 1569811, at *1.

**2.    X has propounded discovery relevant to the pending motion to dismiss.**

Adeia argues that the second prong of the two-part test for a discovery stay is satisfied because "no discovery is necessary" to resolve its motion to dismiss and claims that it is "dispositive of this question" that X "filed its opposition to Adeia's Motion without ever seeking jurisdictional discovery." Mot. at 5. While it is true that X did not *need* to seek discovery to establish subject-matter jurisdiction—because binding precedent establishes the existence of declaratory judgment

jurisdiction under the uncontested facts alleged by X, as discussed above—Adeia ignores that X's limited discovery requests do in fact implicate and are relevant to Adeia's own arguments in support of its motion to dismiss. This factor therefore weighs against a stay.

Specifically, Adeia claims that X is still "currently licensed" to the patents-in-suit notwithstanding that X terminated the parties' 2019 Patent License Agreement (PLA) before filing this suit, arguing that this demonstrates the absence of a sufficient case or controversy for jurisdiction. ECF No. 23 ("MTD") at 1; *see also* ECF No. 37 ("MTD Reply") at 2 ("[F]rom Adeia's perspective, X is still licensed to the Declaratory Judgment Patents[.]"); *id.* at 12 ("[A]s far as Adeia is concerned, X is licensed to Adeia's patents."); Mot. at 3 ("Adeia . . . still maintains that X is licensed under its patents."). Adeia's argument implicates Section 2.2 of the PLA, which grants X a fully paid-up, perpetual, and irrevocable license to the patents-in-suit—notwithstanding later termination—*if* Adeia (including its predecessors) undertakes certain transactions in relation to its patent portfolio. X has accordingly propounded discovery to determine whether any such transactions have occurred, including interrogatories seeking the corporate structure of Adeia's predecessor entities (Interrogatory No. 2) and any transfers of ownership or other interests in the patents-in-suit (Interrogatory No. 3), and requests for documents showing the organizational structure of Adeia and its predecessors (RFP No. 11) and transaction documents related to any changes in corporate structure or that confer any rights in or to the patents-in-suit (RFP Nos. 12-14). *See* Ex. A (X's 1st Interrogatories), B (X's 1st RFPs). These discovery requests (and others propounded by X) will help determine whether or not Section 2.2 of the PLA was triggered and are thus directly relevant to Adeia's repeated claim in support of its motion to dismiss that X is still "currently licensed" notwithstanding termination of the PLA.

Given that X's discovery requests specifically relate to Adeia's arguments in support of its motion to dismiss, a stay of all discovery would be inappropriate. *See Painter-Hart v. Sientra, Inc.*, 2021 WL 6327692, at *2 (E.D. Tenn. Mar. 19, 2021) (declining to stay all discovery where plaintiffs identified a "specific category of documents" relevant to the pending motion); *Grenke v. Hearst Commc'ns, Inc.*, 2014 WL 6909883, at *2–3 (E.D. Mich. Dec. 8, 2014) (denying motion to stay "[t]o the extent that defendant seeks a stay of *all* discovery" where plaintiff identified specific

records and a deposition relevant to pending dispositive motion).

### C. The Court should not exercise its discretion to grant a stay.

#### 1. Adeia has not demonstrated that starting discovery will be burdensome.

Finally, Adeia argues that the Court should stay discovery because proceeding with X's requested discovery and the default deadlines under the Patent Local Rules would be "unduly burdensome" and impose a "substantial expense" on it. Mot. at 6, 8-9. Not so.

The limited discovery X has propounded thus far seeks basic information and documents that should be readily available and easy to provide with limited effort, such as: information on corporate and organizational structure (Interrogatory No. 2), ownership and assignment history of the patents-in-suit (Interrogatory No. 3), and disclosure of whether the named inventors on the patents are represented by counsel (Interrogatory No. 4); and documents relating to the prosecution history of the patents (RFP No. 4), Adeia's efforts to enforce the patents (RFP No. 7), and Adeia's organizational structure (RFP Nos. 11–12). *See* Ex. A (X's 1st Interrogatories), B (X's 1st RFPs). Adeia does not identify ***any*** specific aspect of X's requested discovery as unduly burdensome or imposing substantial expense (indeed, it did not even submit X's discovery requests with its motion), which weighs against a stay. *See Palantir Techs.*, 2020 WL 13548687, at *3 (denying motion to stay where defendants "offer[ed] no particular or specific facts to support its assertion that" discovery would be burdensome); *Singh*, 2016 WL 10807598, at *2 (denying stay of discovery pending motion to dismiss because defendant "offer[ed] no particular or specific facts" to support a claim of undue burden from discovery and thus "ha[d] not demonstrated that denial of the stay would be burdensome").

Instead, Adeia's primary complaint about burden seems to be that X's Rule 26(a)(1)(A)(i) initial disclosure of persons likely to have discoverable information is *too* thorough—a complete non-sequitur. *See* Mot. at 1 (complaining that X "served Rule 26(a)(1) initial disclosures identifying over twenty individuals" likely to have discoverable information); *id.* at 9 (complaining that "X's requested discovery is not reasonable" because X "identifies nineteen separate individuals" with knowledge of prosecution history). Adeia's only other claim about the burden of continuing with discovery is that it "appears to be . . . duplicative of" discovery in the parties' state-

- 9 -

court case, Mot. at 9—but that demonstrates the *lack* of burden associated with proceeding with discovery here. If Adeia is already obligated to provide the same or largely overlapping information and documents in the state-court case, the burden to provide the same discovery here is necessarily minimal.

As for Adeia's complaint about the default deadlines under the Patent Local Rules, the Court has already set a case schedule after considering Adeia's positions in the parties Joint Case Management Statement, and has set a conference on March 28 to address any questions about the schedule. *See* ECF No. 42 and 44. Adeia's further complaint that it will need to provide infringement contentions "prior to receiving any technical discovery from X" proves nothing and is wrong in any event. Mot. at 8. It is routine practice in patent cases to require infringement contentions before technical discovery into the accused products; in fact, this is the default sequence under the Patent Local Rules. *See* Patent L.R. 3-1 (infringement contentions due 14 days after initial CMC); Patent L.R. 3-4(a) (technical document production due 45 days thereafter). Moreover, X's product—its eponymous social media service—is publicly accessible, free to use, and widely discussed (including with respect to its technological features and functionality). And Adeia is the *last* party that should be heard to complain about the need to prepare infringement contentions, since preparing claim charts (typically without discovery) is one of its primary business functions. Regardless, Adeia is free to raise any concerns it has over the timing of infringement contentions at the March 28 conference. Thus, there is thus no merit to Adeia's claim that it would be "nonsensical and prejudicial" to proceed with infringement contentions. Mot. at 9.

### 2. Adeia's meritless forum shopping accusations do not support a stay.

Adeia's claim that this case is a "pretextual attempt to forum shop," *id.* at 7, is not just false, it is based on selectively (mis)quoting X's opposition to Adeia's motion to dismiss. Adeia claims that X's opposition admits that "what is at issue in this motion [to dismiss], therefore, is … where a lawsuit will proceed," *id.*, but Adeia omitted the full context of X's statement: "What is at issue in this motion, therefore, is not whether there will be a lawsuit between the parties—which is a certainty—but where that lawsuit will proceed. Adeia hopes to sue X in a distant forum to drive up

its litigation costs, while X prefers that the litigation proceed in this district, where both parties are based." ECF No. 35 at 1.  X's point was that there is unquestionably a sufficient controversy to support declaratory judgment jurisdiction and that, as a result, the only practical question is where litigation over that concrete dispute will proceed: in the "distant forum" where Adeia hopes to eventually sue X (an intention that Adeia evasively criticizes as "[w]ithout any basis in fact," Mot. at 7, but does not actually deny) or in this district, where both parties are based.  That does not make this suit a "pretextual attempt to forum shop" as Adeia claims, *id.*, nor does it support a stay of discovery.  If anything, Adeia's conspicuously equivocal claims that it "may never" file an infringement suit over the patents-in-suit, *id.* at 1 & 7, confirms that the parties' controversy is actual and concrete, and that discovery should *not* be stayed.  If Adeia's purported disinterest in accusing X of infringement were genuine, it could readily moot the controversy by granting X a comprehensive and binding covenant not to sue, or stating definitively that X does not infringe the patents-in-suit.  Its refusal to do so—and its reliance instead on carefully crafted and heavily qualified "assurances" that lack any teeth—belies its true intentions.

### IV.   CONCLUSION

For the foregoing reasons, the Court should deny Adeia's motion to stay.

Dated:  March 20, 2024                                             KEKER, VAN NEST & PETERS LLP

By:  */s/ David Silbert*
DAVID SILBERT
SHARIF E. JACOB
KRISTEN E. LOVIN
TAYLOR REEVES
EMILY A. HASSELBERG
AMRUTHA DORAI

Attorneys for Plaintiff X CORP.