1  KEKER, VAN NEST & PETERS LLP
   DAVID SILBERT - # 173128
2  dsilbert@keker.com
   SHARIF E. JACOB - # 257546
3  sjacob@keker.com
   KRISTEN E. LOVIN - # 293688
4  klovin@keker.com
   TAYLOR REEVES - # 319729
5  treeves@keker.com
   EMILY A. HASSELBERG - # 326990
6  ehasselberg@keker.com
   AMRUTHA DORAI - # 352697
7  adorai@keker.com
   633 Battery Street
8  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
9  Facsimile:    415 397 7188

10  Attorneys for Plaintiff X CORP.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13  X CORP., a Nevada corporation,          Case No. 3:23-cv-06151-TLT

14                    Plaintiff,             **DECLARATION OF AMRUTHA DORAI
                                             IN SUPPORT OF PLAINTIFF X CORP.'S
15          v.                               OPPOSITION TO ADEIA'S MOTION TO
                                             STAY**
16  ADEIA INC., a Delaware corporation;
    ADEIA MEDIA LLC, a Delaware limited      Date:      April 11, 2024
17  liability company; and ADEIA GUIDES INC. Time:      2:00 p.m.
    (f/k/a ROVI GUIDES INC.), a Delaware     Dept.:     Courtroom F, 15th Floor
18  corporation,                             Judge:     Hon. Peter H. Kang

19                    Defendant.             Date Filed: November 28, 2023
                                             Trial Date: March 23, 2026
20

21

22

23

24

25

26

27

28

DECLARATION OF AMRUTHA DORAI IN SUPPORT OF PLAINTIFF X CORP.'S OPPOSITION TO ADEIA'S
MOTION TO STAY
Case No. 3:23-cv-06151-TLT

2625613

I, Amrutha Dorai, declare as follows:

1.    I am an attorney licensed to practice law in the State of California and an associate at the law firm of Keker, Van Nest & Peters LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for X Corp. ("X") in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called to testify as a witness thereto, could do so competently under oath.

2.    Attached as Exhibit A is a copy of X's First Set of Interrogatories to Defendants, served on February 29, 2024.

3.    Attached as Exhibit B is a copy of X's First Set of Requests for Production of Documents to Defendants, served on February 29, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 20, 2024, in San Francisco, California.

*/s/  Amrutha Dorai*
Amrutha Dorai

DECLARATION OF AMRUTHA DORAI IN SUPPORT OF PLAINTIFF X CORP.'S OPPOSITION TO ADEIA'S MOTION TO STAY
Case No. 3:23-cv-06151-TLT

2625613

# Exhibit A

KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
KRISTEN E. LOVIN - # 293688
klovin@keker.com
TAYLOR REEVES - # 319729
treeves@keker.com
EMILY A. HASSELBERG - # 326990
ehasselberg@keker.com
AMRUTHA DORAI - #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADEIA INC., a Delaware corporation; ADEIA MEDIA LLC, a Delaware limited liability company; and ADEIA GUIDES INC. (f/k/a ROVI GUIDES INC.), a Delaware corporation,<br><br>Defendants. | Case No. 3:23-cv-06151-TLT<br><br>**PLAINTIFF X CORP.'S INTERROGATORIES TO DEFENDANTS, SET ONE**<br><br>Date Filed:  November 28, 2023<br>Trial Date:  None Set |

2586247

**PROPOUNDING PARTY:**   PLAINTIFF, X CORP.

**RESPONDING PARTY:**   DEFENDANTS ADEIA INC., ADEIA MEDIA LLC, and ADEIA GUIDES INC.

**SET NO.:**   ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff X Corp. ("Plaintiff"), by and through its attorneys, requests that Defendants ADEIA Inc., ADEIA Media LLC, and ADEIA Guides Inc. (collectively, "ADEIA") respond to the following interrogatories requested below, in accordance with the Definitions and Instructions herein, at the offices of Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, California 94111, within thirty (30) days of service.  Under Federal Rule of Civil Procedure 26(e), ADEIA's obligation to provide responses to these interrogatories is continuing in nature.  If, after providing responses to these interrogatories, ADEIA obtains or becomes aware of any further information requested by these interrogatories, ADEIA must promptly supplement its responses to disclose and provide such additional information.

## **DEFINITIONS**

1.     "You" or "Your" or "Defendants" means ADEIA Inc., ADEIA Media LLC, and ADEIA Guides Inc., including without limitation all predecessors, predecessors-in-interest, affiliates, parents, subsidiaries, and all past or present directors, officers, agents (including patent agents), representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationship of each.

2.     "X" or "Plaintiff" means X Corporation and its predecessor-in-interest, Twitter, Inc.

3.     The term "Patents-in-Suit" means U.S. Patent Nos. 10,694,137 ("the '137 Patent"), 10,951,563 ("the '563 Patent"), 11,288,582 ("the '582 Patent"), and 11,756,071 ("the '071 Patent"), and any other patents that X alleges or contends in this Action is not infringed by X or that You allege or contend in this Action is infringed by X.

4.     The term "Named Inventor(s)" means any or all of the inventors listed on the Patents-in-Suit.

5.     The term "Action" refers to the above-captioned litigation initiated by Plaintiff.

6.     When referring to a person, the term "Identify" means to give the person's full name, present, or if unavailable, last known address, phone number(s), email address(es), and when referring to a natural person, additionally, the present, or if unavailable, the last known place of employment and the address of that employer.

7.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

8.     The term "Person" is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

9.     The terms "All," "Any," and "Each" shall each be construed as encompassing any and all.

10.     The term "Concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

11.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case makes the request more inclusive.

13.     The use of the singular form of any word includes the plural and vice versa.

14.     The terms "Rovi Patents," "TiVo Patents," and "TiVo Parent Patents" shall have the meanings assigned to these terms in Section 1 of the Patent License Agreement, dated April 25, 2019, between and among Rovi Corporation, TiVo Solutions Inc., TiVo Corporation, and Twitter Inc.

## INSTRUCTIONS

1.     In answering the following Interrogatories, furnish all available information in Your possession, custody, or control, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates,

investigators, divisions, affiliates, partnerships, parents or subsidiaries, and persons under Your control, who have the best knowledge.  If You cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely and state what efforts were made to obtain the requested information.

2.      If any information requested is claimed to be privileged or otherwise immune from discovery, state the grounds for any objection with specificity in accordance with the requirements of Federal Rule of Civil Procedure 33(b)(4).

3.      If You find the meaning of any term in these discovery requests to be unclear, You should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning, subject to X's right to clarify the meaning in the same or a different manner.

4.      In the event that You elect to respond to any Interrogatory by invoking Federal Rule of Civil Procedure 33(d), please substantiate with specific facts why the burden of deriving or ascertaining the answer will be substantially the same for either party, produce the Documents on which You rely for your response, and identify those Documents by production number in the response.

5.      Pursuant to Patent Local Rule 2-2, You cannot withhold responsive discovery on the basis of confidentiality.  The Model Protective Order for Litigation Involving Patents authorized by the Northern District of California, and available on the Court's website, shall govern discovery unless the Court enters a different protective order.

6.      Your obligation to respond to these Interrogatories is continuing and Your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each claim of the Patents-in-Suit that You contend is or has been infringed by X, describe in detail the basis for such contention, identifying or providing for each such claim: the

claim number; the statutory subsection(s) of 35 U.S.C. § 271 under which you contend X infringes; the apparatus, product, device, process, method, act, or other instrumentality that You contend infringes such claim, identified with as much specificity as possible but in no event less than the specificity required by Patent Local Rule 3-1(b); a chart identifying specifically where and how each limitation of each such claim is found within each accused instrumentality (including for each limitation that You contend is governed by 35 U.S.C. § 112(6) or § 112(f), the identity of the structure(s), act(s), or material(s) in the accused instrumentality that performs the claimed function); an identification of Any direct infringement for each claim that You contend has been indirectly infringed and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement; and whether You contend that each limitation of each asserted claim is literally present in the accused instrumentality or is present under the doctrine of equivalents, and, if the latter, the function, way, and result of each and every substitute element, and particularized evidence and linking argument, on an limitation-by-limitation basis, as to the insubstantiality of the differences between the claimed invention and the accused device.

**INTERROGATORY NO. 2:**

Describe in detail the complete corporate structure of Rovi Corporation, TiVo Solutions Inc. (d/b/a and f/k/a TiVo Inc.), TiVo Corporation, Xperi Corporation, and Xperi Holding Corporation from March 30, 2019 through March 31, 2024, including identifying and describing in detail the complete corporate structure of all subsidiaries, affiliates, parents or owners, or other related entities of Any of the foregoing, whether direct or indirect and whether partial or complete, and their relationship to the related entity.  Your response should include (but not be limited to) a detailed description of all changes to the corporate structure of Rovi Corporation, TiVo Solutions Inc. (d/b/a and f/k/a TiVo Inc.), and TiVo Corporation occasioned by the merger of Xperi and TiVo that was announced in late 2019, as well as all changes to the corporate structure of Xperi Corporation and/or Xperi Holding Corporation occasioned by the October 2022 separation of Xperi's product business from its intellectual property licensing business.

**INTERROGATORY NO. 3:**

Describe the complete ownership history of the Patents-in-Suit, including without limitation

an identification of: (a) all assignments and acquisitions concerning the Patents-in-Suit; (b) all contracts, assignments, or other instruments transferring any interest in the patent from one Person to another or creating an interest in the patent for the benefit of one or more Persons, including the name, date, parties to, and production number of the instrument; and (c) the financial consideration exchanged by, and terms associated with, the acquisition of any of the Patents-in-Suit by Your predecessors-in-interest.

**<u>INTERROGATORY NO. 4:</u>**

Identify each Named Inventor; state whether each Named Inventor is represented by counsel; and, if so, Identify that counsel.

Dated: February 29, 2024                           KEKER, VAN NEST & PETERS LLP

                                            By:   */s/ David Silbert*
                                                  DAVID SILBERT
                                                  SHARIF E. JACOB
                                                  KRISTEN E. LOVIN
                                                  TAYLOR REEVES
                                                  EMILY A. HASSELBERG
                                                  AMRUTHA DORAI

                                                  Attorneys for Plaintiff X CORP.

## **PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **February 29, 2024**, I served the following document(s):

      **PLAINTIFF X CORP.'S INTERROGATORIES TO DEFENDANTS, SET ONE**

☑   by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

☑   by regular **UNITED STATES MAIL** by placing Copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

| | |
|---|---|
| Benjamin W. Hattenbach | *Attorneys for Defendants Adeia Inc., Adeia* |
| Charlotte J. Wen | *Media LLC, Adeia Guides Inc.* |
| IRELL & MANELLA LLP | |
| 1800 Avenue of the Stars, Suite 900 | |
| Los Angeles, CA 90067 | |
| bhattenbach@irell.com | |
| cwen@irell.com | |

A. Matthew Ashley
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
mashley@irell.com

Executed on **February 29, 2024**, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Jennifer Gray

PLAINTIFF X CORP.'S INTERROGATORIES TO DEFENDANTS, SET ONE
Case No. 3:23-cv-06151-TLT

2586247

# Exhibit B

KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
KRISTEN E. LOVIN - # 293688
klovin@keker.com
TAYLOR REEVES - # 319729
treeves@keker.com
EMILY A. HASSELBERG - # 326990
ehasselberg@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation, | Case No. 3:23-cv-06151-TLT |
| Plaintiff, | **PLAINTIFF X CORP.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE** |
| v. | |
| ADEIA INC., a Delaware corporation; ADEIA MEDIA LLC, a Delaware limited liability company; and ADEIA GUIDES INC. (f/k/a ROVI GUIDES INC.), a Delaware corporation, | Date Filed:  November 28, 2023<br>Trial Date:  None Set |
| Defendant. | |

**PROPOUNDING PARTY:**       PLAINTIFF, X CORP.

**RESPONDING PARTY:**        DEFENDANTS ADEIA INC., ADEIA MEDIA LLC, and
                             ADEIA GUIDES INC.

**SET NO.:**                 ONE

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff X Corp. ("Plaintiff"), by and through its attorneys, requests that Defendants ADEIA Inc., ADEIA Media LLC, and ADEIA Guides Inc. (collectively, "ADEIA") respond to the following requests for production of documents, in accordance with the Definitions and Instructions herein, at the offices of Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, California 94111, within thirty (30) days of service.  Under Federal Rule of Civil Procedure 26(e), ADEIA's obligation to provide responses to these requests is continuing in nature.  If, after providing responses to these requests, ADEIA obtains or becomes aware of any further documents or information requested by these requests, ADEIA must promptly supplement its responses to disclose and provide such additional information.

<b><u>DEFINITIONS</u></b>

  1. "You" or "Your" or "Defendants" means ADEIA Inc., ADEIA Media LLC, and ADEIA Guides Inc., including without limitation all predecessors, predecessors-in-interest, affiliates, parents, subsidiaries, and all past or present directors, officers, agents (including patent agents), representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationship of each.

  2. "X" or "Plaintiff" means X Corporation and its predecessor-in-interest, Twitter, Inc.

  3. The term "Patents-in-Suit" means U.S. Patent Nos. 10,694,137 ("the '137 Patent"), 10,951,563 ("the '563 Patent"), 11,288,582 ("the '582 Patent"), and 11,756,071 ("the '071 Patent"), and any other patents that X alleges or contends in this Action is not infringed by X or that You allege or contend in this Action is infringed by X.

  4. The term "Related Patents" means any and all patents and applications for patent filed anywhere in the world that (i) are a continuation, continuation-in-part, divisional, or reissue

1

of any of the Patents-in-Suit or applications therefor, (ii) claim priority based on or through any of the Patents-in-Suit or applications or provisional applications to the Patents-in-Suit, (iii) are identified as supporting a priority claim for any of the Patents-in-Suit or applications therefor, or (iv) claim priority based on any patent application from which any of the Patents-in-Suit claims priority.  To the extent that any of the Patents-in-Suit claim priority to and/or result from a Patent Cooperation Treaty (PCT) application, this definition includes any and all patents filed anywhere in the world that claim priority to and/or result from, either directly or indirectly, such PCT application.

5.    The term "Named Inventor(s)" means any or all of the inventors listed on the Patents-in-Suit.

6.    The term "Prior Art" includes any reference, subject matter, event, information, or other matter set forth, relevant, or alleged to be relevant under 35 U.S.C. §102 and/or 35 U.S.C. §103, including without limitation patents, published patent applications, publications, articles, scientific papers, physical devices, prototypes, uses, sales, offers for sale, knowledge, and any documents or other things evidencing any of the foregoing.

7.    The term "Action" refers to the above-captioned litigation initiated by Plaintiff.

8.    The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

9.    The term "Person" is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

10.    The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any method, written or verbal.

11.    The term "Source Code" means computer code instructions, data structures, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module, and associated comments and revision histories.

12.    The term "Third Party" means any Person that is not Plaintiff or You.

13.     The terms "All," "Any," and "Each" shall each be construed as encompassing any and all.

14.     The term "Concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

15.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.     All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case makes the request more inclusive.

17.     The use of the singular form of any word includes the plural and vice versa.

18.     The terms "Rovi Patents," "TiVo Patents," and "TiVo Parent Patents" shall have the meanings assigned to these terms in Section 1 of the Patent License Agreement, dated April 25, 2019, between and among Rovi Corporation, TiVo Solutions Inc., TiVo Corporation, and Twitter Inc.

19.     The term "Adeia Entities" shall include Rovi Corporation, TiVo Solutions Inc. (d/b/a and f/k/a TiVo Inc.), TiVo Corporation, Xperi Corporation and Xperi Holding, including their subsidiaries, affiliates, parents or owners, or other related entities.

## INSTRUCTIONS

1.      In answering the following requests, furnish all available information in Your possession, custody, or control, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents or subsidiaries, and persons under Your control, who have the best knowledge.  If You cannot fully respond to the following requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely and state what efforts were made to obtain the requested information.

2.      If You find the meaning of any term in these discovery requests to be unclear, You should assume a reasonable meaning, state what that assumed meaning is, and respond to the

request on the basis of that assumed meaning, subject to X's right to clarify the meaning in the same or a different manner.

3.      Documents should be produced on a rolling basis as soon as they have been located and processed for production. Documents should be produced in digitized form, either imaged in single-page TIFF format or, for documents whose native format prohibits or renders impractical their printing on standard-size paper (e.g., audio, video, spreadsheets, database materials, source code, executable code, or oversized documents such as maps), produced in their native format. Each TIFF document should be accompanied by corresponding Concordance load files, including corresponding searchable text files and indicators where the document begins and ends. The documents produced should be stamped with sequential Bates numbering and the image filename should correspond to its Bates number.

4.      Subject to any future agreement on ESI productions, which order shall control in the event of any conflict, You should also provide the following metadata with each document:

- Production beginning
- Production end
- Attachment beginning
- Attachment end
- Author
- Custodian
- Creation date (attachments and loose files)
- Creation time (attachments and loose files)
- Document type
- Document title
- Email attachments
- Email attachment count
- Email date sent
- Email time sent
- Email date received

1      •      Email time received

2      •      E-mail to

3      •      E-mail cc

4      •      E-mail bcc

5      •      E-mail subject

6      •      E-mail message ID

7      •      Extension

8      •      File location (e.g., directory, structure, or pathname)

9      •      Filename

10     •      Last modified date (attachments and loose files)

11     •      Last modified time (attachments and loose files)

12     •      Master date (email date sent or loose file date modified)

13     •      Master time (email time sent or loose file time modified)

14     •      Production date

15     •      Pages

16     •      Text (extracted or OCR for all files)

17         5.      Each document requested herein should be produced in its entirety without redaction or excision (except as qualified by Instruction 6 below) regardless of whether You consider the entire document to be relevant or responsive to these requests. If any documents cannot be produced in full, then You should produce it to the extent possible, specifying the reasons for Your inability to produce the remainder and stating what information, knowledge or belief You have concerning the portion that You cannot produce.

23         6.      If You believe that any individual request in these requests for production calls for documents subject to a claim of privilege or that are not subject to discovery, produce so much as is not objected to, state the part of each request to which You raise an objection, and set forth the basis of Your claim of privilege, including a statement identifying the nature of the information withheld. Furthermore, for all responsive documents You do not produce, You shall provide a privilege log stating: (a) the type of document (e.g. brief, email, memo, handwritten note, letter,

PLAINTIFF X CORP.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE
Case No. 3:23-cv-06151-TLT

2586244

excel spreadsheet, etc.); (b) the title of the document; (c) the name and title of each author; (d) the name and title of each addressee; (e) all persons to whom the document or its contents were disclosed in whole or part; (f) the date of the document; (g) the subject matter of the document; (h) the number of pages; (i) an identification of any attachments or appendices; and (j) a statement of the basis on which privilege or other protection is claimed.

7.      If any requested document has been lost or destroyed, state the type of document, its subject matter, author and date and the circumstances in which it was lost or destroyed.

8.      Pursuant to Patent Local Rule 2-2, You cannot withhold responsive discovery on the basis of confidentiality.  The Model Protective Order for Litigation Involving Patents authorized by the Northern District of California, and available on the Court's website, shall govern discovery unless the Court enters a different protective order.

9.      Your obligation to respond to these requests is continuing and Your responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Concerning the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Concerning Any Related Patents.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning Any efforts to obtain the Patents-in-Suit or Any Related Patents, including without limitation All file histories, Communications with the United States Patent and Trademark Office (and/or its foreign counterparts), Any invention disclosures (or Document attached to, referring to, or regarding Any invention disclosure), drafts of patent applications, and All office actions and responses thereto.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning the preparation, prosecution, examination, and/or maintenance of the Patents-in-Suit and Any Related Patents, including without limitation: (a) draft patent

applications; (b) file histories; (c) correspondence; (d) Prior Art; (e) Documents evidencing Any decision as to what information to disclose or not disclose to the United States Patent and Trademark Office ("PTO") or Any foreign patent office; (f) files of Any attorney or patent agent involved in the prosecution of the Patents-in-Suit or Any Related Patents; and (g) Documents reflecting Any Communication, meeting, or contact with the PTO or Any foreign patent office concerning the Patents-in-Suit or Any Related Patents.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning or reflecting the chain of ownership of the Patents-in-Suit, including without limitation All assignments and acquisitions concerning the Patents-in-Suit and all contracts or other instruments transferring any interest in the patent from one Person to another.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Concerning Any steps that Plaintiffs have taken to enforce the Patents-in-Suit or Any Related Patents against Any Third Party.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Concerning Any technical or performance evaluation or analysis of Any X product or service.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents or other evidence referenced in Your Federal Rule of Civil Procedure 26(e) initial disclosures, or on which you relied in preparing said disclosures, in this Action.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or other evidence to which you refer in Your responses to X's interrogatories in this Action, or on which you relied in preparing those responses.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents supporting, refuting, or otherwise Concerning Your assertion that X infringes or has ever infringed Any of the Asserted Claims.

2586244

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the complete organizational structure of the Adeia Entities from March 30, 2019 through March 31, 2024, including documents sufficient to identify and describe the complete corporate structure of all subsidiaries, affiliates, parents or owners, or other related entities of any of the foregoing, whether direct or indirect and whether partial or complete, and their relationship to the related entity, and documents sufficient to show all changes to the corporate structure of the Adeia Entities during the specified time period.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents (including any schedules, lists, or exhibits appended to such Documents) reflecting any merger, acquisition, and/or spin-off between or among Rovi Corporation; TiVo Solutions Inc. (d/b/a and f/k/a TiVo Inc.) and/or TiVo Corporation; Xperi Corporation and/or Xperi Holding Corporation; and/or Adeia Media LLC and Adeia Guides Inc (including any of these entities' subsidiaries, affiliates, parents or owners, or other related entities) between March 30, 2019 and March 31, 2024.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents (including any schedules, lists, or exhibits appended to such Documents) conferring any right on any Adeia Entity to sell or transfer licenses owned by any other Adeia Entity.

**REQUEST FOR PRODUCTION NO 14:**

All Documents (including any schedules, lists, or exhibits appended to such Documents) reflecting any sale assignment or transfer of licenses between or among the Adeia Entities during the period April 1, 2019 through March 31, 2024.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents (including any schedules, lists, or exhibits appended to such Documents) reflecting any exclusive license, sale, or assignment of, and every transfer of any right, title, or other interest in (including, e.g., the granting of security interests), any Rovi Patents, TiVo Patents, or Tivo Parent Patents during the period April 1, 2019 through March 31, 2024.

1
2

Dated:  February 29, 2024                          KEKER, VAN NEST & PETERS LLP

3

4                                                      By:   */s/ David Silbert*
                                                            DAVID SILBERT
5                                                           SHARIF E. JACOB
                                                            KRISTEN E. LOVIN
6                                                           TAYLOR REEVES
                                                            EMILY A. HASSELBERG
7
                                                            Attorneys for Plaintiff X CORP.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On **February 29, 2024**, I served the following document(s):

      **PLAINTIFF X CORP.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

☑ by regular **UNITED STATES MAIL** by placing Copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

Benjamin W. Hattenbach              *Attorneys for Defendants Adeia Inc., Adeia*
Charlotte J. Wen                     *Media LLC, Adeia Guides Inc.*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
bhattenbach@irell.com
cwen@irell.com

A. Matthew Ashley
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
mashley@irell.com

Executed on **February 29, 2024**, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Jennifer Gray

PLAINTIFF X CORP.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE
Case No. 3:23-cv-06151-TLT
2586244