1  Benjamin W. Hattenbach (SBN 186455)
   Charlotte J. Wen (SBN 313572)
2  **IRELL & MANELLA LLP**
   1800 Avenue of the Stars, Suite 900
3  Los Angeles, California 90067
   Telephone:  (310) 277-1010
4  bhattenbach@irell.com
   cwen@irell.com
5
   A. Matthew Ashley (SBN 198235)
6  **IRELL & MANELLA LLP**
   840 Newport Center Drive, Suite 400
7  Newport Beach, California  92660
   Telephone: (949) 760-0991
8  mashley@irell.com
9  *Counsel for Defendants*
   ADEIA INC., ADEIA MEDIA LLC, ADEIA
10 GUIDES INC.

11                **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                   **SAN FRANCISCO DIVISION**

14  X CORP.,                              Case No. 3:23-cv-06151-TLT-PHK

15          Plaintiff,
                                          **DEFENDANTS' REPLY IN SUPPORT OF**
16     v.                                 **MOTION TO STAY DISCOVERY**
                                          **PENDING RESOLUTION OF MOTION**
17  ADEIA INC., ADEIA MEDIA LLC, and      **TO DISMISS, AND FOR PROTECTIVE**
    ADEIA GUIDES INC.                     **ORDER (ECF NO. 40)**
18
19          Defendants.                   Hearing Date: April 11, 2024
                                          Hearing Time: 2:00 p.m.
20                                         Location:  Courtroom F, 15th Floor
                                          Magistrate Judge: Hon. Peter H. Kang
21                                         District Judge: Hon. Trina L. Thompson

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................. 1

II.  ARGUMENT ...................................................................................................... 2

    A.   Adeia's Motion To Stay Is Neither Untimely Nor "Moot" .................................. 3

    B.   A Discovery Stay Is More Than Warranted Under These Facts ........................... 4

        1.   Adeia Has Raised A Substantial And Case-Dispositive Jurisdictional Challenge to X's Complaint .................................. 5

            (a)   X's Arguments In Opposition To Adeia's Motion To Dismiss Are Misplaced And Unsubstantiated ........................ 5

            (b)   X's Jurisdictional Defects Cannot Be Cured By Amendment .................................................................. 8

        2.   No Discovery Is Needed To Resolve Adeia's Motion To Dismiss ...................................................................... 10

    C.   Failure To Grant A Stay Would Unduly Burden And Prejudice Adeia ......................................................................... 11

III. CONCLUSION .................................................................................................. 13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5
*3M Co. v. Avery Dennison Corp.*,
    673 F.3d 1372 (Fed. Cir. 2012)................................................................................5

6
7
*Ameranth v. Chownow*,
    2021 WL 3686056 (S.D. Cal. Aug. 19, 2021) ...........................................................8

8
*AmSouth Bank v. Dale*,
    386 F.3d 763 (6th Cir. 2004)....................................................................................5

9
10
*Apple Inc. v. VoIP-Pal.com, Inc.*,
    506 F. Supp. 3d 947 (N.D. Cal. 2020) .....................................................................7

11
*Azuga, Inc. v. Fleet Connect Sols. LLC*,
    No. 22-cv-04790-TLT, ECF No. 44 (Order) (N. D. Cal. Mar. 13, 2023) ....................2

12
13
*Baseload Energy v. Roberts*,
    2012 WL 13047523 (D.D.C. Mar. 27, 2012) ...........................................................8

14
15
*Beverly Hills Teddy Bear Co., Inc. v. GennComm, LLC*,
    2020 WL 7049537 (C.D. Cal. Oct. 1, 2020) ............................................................8

16
*C-Innovation, LLC v. Trendsetter Eng'g, Inc.*,
    2021 WL 253858 (E.D. La. Jan. 26, 2021) ...............................................................8

17
18
*C.R. Bard, Inc. v. Schwartz*,
    716 F.2d 874 (Fed. Cir. 1983).............................................................................6, 7

19
20
*Cedars-Sinai Med. Ctr. v. Watkins*,
    11 F.3d 1573 (Fed. Cir. 1993)..................................................................................5

21
*In re Google Dig. Advert. Antitrust Litig.*,
    2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) ...........................................................9

22
23
*Heck v. Amazon.com, Inc.*,
    2022 WL 16579372 (N.D. Cal. Nov. 1, 2022) .........................................................9

24
25
*Hero Nutritionals, Inc. v. Vitastix, Inc.*,
    2010 WL 11580048 (C.D. Cal. Apr. 23, 2010)........................................................8

26
*Hon Hai Precision Indus. Co. v. Wi-LAN, Inc.*,
    2013 WL 2322675 (S.D.N.Y. May 28, 2013)...........................................................8

27
28
*Huang v. Futurewei Techs., Inc.*,
    2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) ........................................................11

**Page**

*Lear Siegler Inc. v. Adkins*,
    330 F.2d 595 (9th Cir. 1964)...................................................................................12

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ...........................................................................................6

*Microsoft Corp. v. DataTern, Inc.*,
    755 F.3d 899 (Fed. Cir. 2014)...........................................................................7

*Miotox LLC v. Allergan Inc.*,
    2015 WL 2084493 (C.D. Cal. May 5, 2015)......................................................8

*Nelson v. F. Hoffmann-La Roche, Inc.*,
    2022 WL 19765995 (N.D. Cal. Nov. 2, 2022)..............................................2, 9

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
    2018 WL 1569811 (N.D. Cal. Feb. 16, 2018)...................................................9

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
    220 F.R.D. 349 (N.D. Cal. 2003) ...................................................................10

*Prasco, LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed. Cir. 2008).....................................................6, 7, 13, 14

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
    2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ..................................................9

*SEC v. Investment Tech., Inc.*,
    2004 WL 7197314 (D. Nev. Jul. 9, 2004).........................................................4

*Singh v. Google, Inc.*,
    2016 WL 10807598 (N.D. Cal. Nov. 4, 2016)...................................................9

*Tradin Organics USA LLC v. Terra Nostra Organics, LLC*,
    2023 WL 8481814 (N.D. Cal. Dec. 7, 2023) ....................................................9

*Unisense Fertilitech A/S v. Auxogyn, Inc.*,
    896 F. Supp. 2d 822 (N.D. Cal. 2012) ............................................................10

*Yamasaki v. Zicam LLC*,
    2021 WL 3675214 (N.D. Cal. Aug. 19, 2021)...................................................9

*Yodlee, Inc. v. Ablaise Ltd.*,
    2008 WL 11389257 (N.D. Cal. Sept. 30, 2008).............................................10

**Rules**

N.D. Cal. Patent Local Rule 1-3..............................................................................12

Fed. R. Civ. P. 12 .....................................................................................................5

## <u>TABLE OF MOTION TO DISMISS FILINGS</u>

**Adeia's Opening Brief in Support of Motion to Dismiss**

*Public Version*  ...................................................................................... ECF No. 23

*Sealed and Unredacted Version* .............................................................. ECF No. 24-3

**Declaration of James Proffitt in Support of Adeia's Motion**

*Public Version* ......................................................................................... ECF No. 23-1

*Sealed and Unredacted Version* .............................................................. ECF No. 24-4

**Exhibits in Support of Adeia's Motion**

Exhibit 1 (Patent License Agreement) (*sealed*)  ..................................... ECF No. 24-5

Exhibit 2 (Adeia's State Court Complaint) (*public*)  ............................... ECF No. 23-4

Exhibit 3 (Adeia's Jan. 4, 2024 Letter to X) (*public*) .............................. ECF No. 23-5

Exhibit 4 (Adeia's 2023 Q4 Investor Call Transcript) (*public*) .............. ECF No. 37-2

Exhibit 5 (X's Feb. 13, 2024 Email to Adeia) (*public*) ........................... ECF No. 37-3

**X's Opposition Brief to Adeia's Motion to Dismiss** <span style="float:right">.................................................... ECF No. 35</span>

**Adeia's Reply Brief in Support of Motion to Dismiss**

*Public Version* ......................................................................................... ECF No. 37

*Sealed and Unredacted Version* .............................................................. ECF No. 38-1

1    **I.       INTRODUCTION**

2            Adeia's Motion to Stay and For Protective Order (ECF No. 40, "Mot.") seeks to press

3    "pause" on discovery pending Judge Thompson's resolution of Adeia's motion to dismiss for lack

4    of subject matter jurisdiction (ECF No. 23, "MTD").  Adeia's MTD is based on the absence of any

5    factual basis for subject matter jurisdiction—a deficiency that cannot be cured by amendment—and

6    would dispose of X's entire Complaint.  *See* ECF No. 38-1 ("MTD Reply") at 4:15–5:13.  Adeia's

7    MTD also does not require further discovery to resolve, as X concedes. ECF No. 51 ("Opp.") at

8    7:27–28 ("[X] did not *need* to seek discovery to establish subject-matter jurisdiction.").  Thus, this

9    District's two-part test for a stay is met.  *See* Mot. at 2:8–21.

10           Adeia would also be unfairly prejudiced, and both Adeia and this Court would be needlessly

11   burdened, if discovery were to proceed while this fundamental jurisdictional challenge is pending.

12   This is particularly true because Adeia's jurisdictional challenge is based on the fact that Adeia

13   never even considered whether X uses the Declaratory Judgment Patents, let alone accused X of

14   infringing them.  Adeia should not be forced to undertake that infringement analysis simply because

15   X picked these never-before-asserted-or-threatened patents to list in a declaratory judgment suit.

16   *See* Proffitt Decl. ¶¶ 4–5, 7.[1]  The prejudice and burden to Adeia of proceeding with discovery, and

17   the potential efficiencies associated with a stay, are obvious: it would be unfair to require Adeia to

18   investigate and formulate infringement positions ***now*** on patents that it never intended to assert, and

19   currently has no intention of asserting, against X.  If Adeia's MTD is granted, the case will be

20   dismissed, and any discovery taken will have been pointless.

21           There is no reason to proceed with discovery until Adeia's MTD is resolved.  The parties

22   agree that the requested stay would be unlikely to result in material delay.  Opp. at 1:6–9 ("[Adeia's]

23   motions to dismiss and to stay will likely be decided concurrently or within a few weeks of each

24   other.").  The parties also agree that Judge Thompson's ruling on Adeia's MTD will resolve all

25   issues related to the stay, including the need for discovery in the first instance.  Opp. at 1:9–11

26

27   ─────────────────────
     [1] In support of Adeia's Motion to Dismiss, Adeia submitted a declaration from James Proffitt,
28   Adeia's Director of Intellectual Property Licensing.  The sealed version is available at ECF No. 24-4, and the public redacted version is available at ECF No. 23-1.

1    ("[T]he Court's resolution of the motion to dismiss will resolve all issues raised in the motion to

2    stay.").  Thus, a stay would avoid burdening the Court and the parties with discovery, disputes, and

3    other issues that are likely to be nullified in their entirety by Adeia's jurisdictional challenge.

4         Judge Thompson has granted motions to stay under similar circumstances.  *E.g.*, *Nelson v.*

5    *F. Hoffmann-La Roche, Inc.*, 2022 WL 19765995, at *1 (N.D. Cal. Nov. 2, 2022) ("[D]efendants

6    have established that their motion is 'potentially dispositive' of the entire case, which weighs in

7    favor of granting a brief stay of discovery until the Court issues a ruling on defendants' motion to

8    dismiss."); *Azuga, Inc. v. Fleet Connect Sols. LLC*, No. 22-cv-04790-TLT, ECF No. 44 (Order) at

9    2 (N. D. Cal. Mar. 13, 2023) ("Given that the delay will be minimal, and that the complaint may be

10   fully disposed of by way of the motion to dismiss, the factors weigh strongly in favor of granting

11   the motion.").  The same logic applies with even greater force here, where X has already proposed

12   dropping this case altogether in exchange for an agreement from Adeia to bring future patent

13   litigation in this District.  ECF No. 37-3 (2/13/2024 X Email).  X's proposal underscores both the

14   strength of Adeia's motion to dismiss and the lack of urgency here.  If X was willing to drop this

15   action in its entirety to wait for future litigation that might never have come, it would certainly not

16   be prejudiced by a stay of discovery in this action now.

17   **II.    ARGUMENT**

18        Discovery-related deadlines should be stayed in this case pending Judge Thompson's

19   resolution of Adeia's motion to dismiss, for at least five reasons: (1) Adeia's MTD is potentially

20   dispositive of the entire case; (2) Adeia's MTD does not require any additional discovery to resolve;

21   (3) X's requested discovery is unduly burdensome and prejudicial, including because it would force

22   Adeia to take positions on the Declaratory Judgment Patents despite never having done so prior to

23   this lawsuit; (4) Adeia and this Court would be prejudiced and burdened if a stay were denied,

24   including because it is likely all discovery will be rendered pointless by Adeia's MTD; and

25   (5) neither party would be prejudiced if a stay were granted, including because X has already

26   demonstrated that there is nothing urgent or immediate about this suit.

27        Rather than meaningfully dispute these points, X accuses Adeia of delaying its motion filing

28   and shirking its discovery obligations, but these accusations are contrary to fact. *See infra* Section

1    II.A.  X also invokes the specter of "leave to amend" in an attempt to argue that Adeia's MTD is

2    not "truly" dispositive, but ignores that Adeia's MTD attacks the factual basis for the Complaint,

3    such that the jurisdictional deficiencies cannot be cured by amendment.  *See infra* Section II.B.1(b).

4    But none of X's arguments change that both prongs of this District's two-part test are met, and that

5    a stay is not only appropriate, but necessary to avoid unduly burdening Adeia and this Court.

6                    **A.    Adeia's Motion To Stay Is Neither Untimely Nor "Moot"**

7              ***First***, Adeia did not delay in filing its motion to stay, as X argues.  Opp. at 3.  Indeed, the

8    earliest this motion could have been filed was February 29.  Adeia proposed a stipulated stay on

9    February 15 (at the parties' Rule 26(f) conference) and February 21; X did not respond until

10   February 25.  Wen Decl.[2] ¶¶ 3, 6; Ex. 3 (Email Chain) at 3.  Adeia then indicated it would formally

11   move to stay on February 25, and offered to meet and confer.  Ex. 3 at 2.  It was not until February

12   29, the day that the parties' Case Management Statement was due, that X indicated it wanted to

13   proceed with discovery immediately.  Ex. 3. at 1; Ex. 1 (ECF No. 40-2).  Adeia moved to stay three

14   business days later, on March 5.  X cites no authority for its apparent contention that Adeia should

15   have filed its motion before the parties discussed the case schedule (on February 15), or before X

16   had even served the discovery underlying Adeia's motion for a protective order (on February 29).

17         ***Second***, X incorrectly accuses Adeia of ignoring discovery deadlines and resorting to "self

18   help."  Far from it, Adeia sought relief from Judge Thompson in the CMC Statement on February

19   29 (*e.g.*, ECF No. 36 at 5:22–27), and by filing this Motion on March 5.  As X concedes, the parties'

20   Rule 26(a)(1) disclosures are not due until June 10, ECF No. 42 (Case Mgmt. Order) at 3, and

21   Adeia's objections and responses to X's February 29 discovery requests are not due until April.  X's

22   citation to *SEC v. Investment Tech., Inc.*, 2004 WL 7197314, at *1 (D. Nev. Jul. 9, 2004), is

23   inapposite at best: there, the defendant filed a frivolous motion to dismiss for failure to state a claim,

24   did not move to stay or seek relief from any deadlines, and failed to respond to numerous emails

25   and motions.  Here, Adeia has filed a meritorious motion to dismiss for lack of subject matter

26

27   _____

     [2] "Wen Decl." refers to the attached Declaration of Charlotte J. Wen.  Exhibits 1 and 2 were
28   originally attached to Adeia's Motion to Stay, and can be found at ECF No. 40-2 (Ex. 1) and ECF
     No. 40-3 (Ex. 2).  Exhibit 3 is being filed alongside this motion.

jurisdiction, has moved to stay and for relief from discovery, and has timely responded to all filings and email communications. *See, e.g.*, Wen Decl. ¶ 6.

**Third**, Adeia's motion is not "moot" because no stay has issued and because Judge Thompson has not yet ruled on Adeia's MTD. Adeia's motion would certainly be mooted **if** Judge Thompson rules on Adeia's MTD first, but there is no way for the parties to predict or ensure that timing. The uncertainty of the timing, and the dispositive nature of Adeia's MTD, are precisely why Adeia is moving to stay: Judge Thompson's resolution of Adeia's MTD will resolve all issues related to the stay, ***including the need for discovery in the first instance*** if Adeia's MTD is granted. Thus, a stay would avoid burdening the Court and the parties with discovery obligations, disputes, and other issues that stand to be nullified in their entirety by Adeia's jurisdictional challenge.

## B.    A Discovery Stay Is More Than Warranted Under These Facts

X cannot show that Adeia has made an "affirmative act" to enforce its rights in the Declaratory Judgment Patents, as required to establish subject matter jurisdiction. Prior to X's Complaint, Adeia **never** discussed the Declaratory Judgment Patents with X, identified those patents to X, or took any position as to whether X infringes those patents. The Declaratory Judgment Patents are not part of any active or planned litigation campaign by Adeia. *See* Proffitt Decl. ¶¶ 2–6. Adeia has no plans to sue X for infringement of the Declaratory Judgment Patents. These uncontroverted facts not only form the basis for Adeia's MTD—and confirm that there is no "actual controversy" here—but also underscore why it would be both highly prejudicial and unduly burdensome for the Court to require Adeia to proceed with discovery in this case before Adeia's MTD is resolved.

X's arguments in opposition to Adeia's motions to dismiss and to stay are based not in facts, but on X's own unsupported speculation regarding hypothetical future harm stemming from the fact that Adeia is in the business of patent licensing. But there is no law that authorizes the filing of a declaratory judgment suit based on patents that a patentee has never once asserted against anyone (let alone X). *See* MTD at 6–12. There is certainly no law authorizing the filing of a declaratory judgment suit solely to secure X's preferred forum for patent litigation, as X has already stated it sought to do. *See AmSouth Bank v. Dale*, 386 F.3d 763, 790 (6th Cir. 2004) ("[T]he filing of these declaratory actions was an effort to engage in procedural fencing to secure the [Plaintiffs'] choice

of forum. The district court clearly erred in concluding otherwise.  This factor weighs heavily against entertaining these actions under the Declaratory Judgment Act.").  As such, even if X could demonstrate subject matter jurisdiction here—and it cannot—the circumstances of X's filing counsel strongly in favor of declaratory judgment abstention.  *See* MTD Reply at 13:22–15:9.  X's case should never have been filed, and Adeia respectfully requests that this Court stay all discovery deadlines pending resolution of Adeia's motion to dismiss.

### 1. Adeia Has Raised A Substantial And Case-Dispositive Jurisdictional Challenge to X's Complaint

Adeia's motion to dismiss challenges not only X's Complaint as pled, but the ***factual basis*** for X's allegations of subject matter jurisdiction.  As the Federal Circuit has explained:

> If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction. In such a case, the allegations in the complaint are not controlling, and only uncontroverted factual allegations are accepted as true for purposes of the motion. . . .

> [Plaintiff] nevertheless argues that the [defendant] failed to present any evidence controverting its jurisdictional allegations contained within its pleadings. [Plaintiff] thereby displays its misunderstanding of its burden. The [defendant's] factual challenge to the court's jurisdiction placed the burden on [Plaintiff] to demonstrate facts sufficient to support its contention regarding the court's jurisdiction. Once challenged, allegations alone are insufficient to meet the complainant's burden.

*Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583, 1584–85 (Fed. Cir. 1993) (citations omitted).  In other words, "[t]he district court must satisfy itself that there is a factual basis for it to exercise jurisdiction."  *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1378 (Fed. Cir. 2012).  There is no factual basis to find jurisdiction over X's claims; thus, no amendment could cure the jurisdictional deficiencies here.  *See* Section II.B.1(b).  Thus, because Adeia's motion to dismiss will "dispose of the entire action," the first prong of this District's test is satisfied.

### (a) X's Arguments In Opposition To Adeia's Motion To Dismiss Are Misplaced And Unsubstantiated

X claims that "in light of precedent both from the Federal Circuit and numerous district courts, the existence of jurisdiction is not controversial."  Opp. at 6:7–10.  X is wrong.

X has offered no facts that can carry its burden to supply a factual basis for jurisdiction, or even acknowledged that burden.  X has instead doubled down on its misapprehensions of the legal

standard.  *See also* MTD Reply at 5:14–7:11.  Here, for instance, X cites *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed. Cir. 1983), to suggest that subject matter jurisdiction may be found so long as a patent holder "could at any time take action against [the licensee] by bringing an infringement suit." Opp. at 5:16–23.  That is not the standard.  The standard, as articulated by the Supreme Court in 2007 (over twenty years after *Bard*), is whether "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  The Federal Circuit has subsequently clarified that "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even *perceives such a patent to pose a risk of infringement*, without some *affirmative act by the patentee*." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (emphasis added).  When "it is the threat of future injury that forms the basis for [plaintiff's] complaint," "there can be no controversy without a showing that this threat was real, imminent, and traceable *to defendants*." *Id.* (emphasis added).

In considering whether a patentee has actually made an "affirmative act" to enforce its patent rights, California district courts evaluate the totality of the circumstances under thirteen factors derived from the Federal Circuit's post-*MedImmune* jurisprudence:

> (1) the strength of threatening language in communications between the parties; (2) the depth and extent of infringement analysis conducted by the patent holder; (3) whether the patent holder imposed a deadline to respond; (4) any prior litigation between the parties; (5) the patent holder's history of enforcing the patent at issue; (6) whether the patent holder's threats have induced the alleged infringer to change its behavior; (7) the number of times the patent holder has contacted the alleged infringer; (8) whether the patent holder is a holding company with no income other than enforcing patent rights; (9) whether the patent holder refused to give assurance it will not enforce the patent; (10) whether the patent holder has identified a specific patent and specific infringing products; (11) the extent of the patent holder's familiarity with the product prior to suit; (12) the length of time that transpired after the patent holder asserted infringement; and (13) whether communications initiated by the plaintiff appear as an attempt to create a controversy.

*Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 967–68 (N.D. Cal. 2020); *see also Cepheid v. Roche Molecular Sys.*, Inc., 2013 WL 184125, at *6 (N.D. Cal. Jan. 17, 2013) (collecting Federal Circuit cases).  As Adeia has explained, the overwhelming balance of these factors weighs heavily against jurisdiction, because Adeia has not taken any action whatsoever to enforce the Declaratory Judgment Patents against X.  MTD at 6–12; MTD Reply at 10:18–13:21.  X nonetheless argues that

jurisdiction is justified because Adeia "refuses to come out and definitively state that X does not need a license to these patents, or to give X a covenant not to sue." Opp. at 6:7–9. But that fact is germane to only **one** of the thirteen factors, and the Federal Circuit has made clear that the mere lack of a covenant not to sue, without more, cannot justify jurisdiction. *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906 (Fed. Cir. 2014) (non-practicing entity's refusal to grant a covenant not to sue "is not sufficient to create an actual controversy" because "a patentee has no obligation . . . to make a definitive determination, at the time and place of the competitors' choosing, that it will never bring an infringement suit" (quoting *Prasco*, 537 F.3d at 1341)).

Not only does X apply the wrong standard, but every one of X's cited cases, including *Bard*, is distinguishable. Adeia has filed a state court suit against X for failure to pay royalties under the parties' Patent License Agreement ("PLA"); however, the PLA is a broad portfolio license under which X owes a lump-sum royalty. *See* MTD Reply at 9:5–10:17. The Declaratory Judgment Patents had not issued at the time that the PLA was signed in 2019, and there is no evidence that they played any role in either party's decision to enter into the PLA. Prior to X's Complaint, Adeia never identified or claim-charted any of the Declaratory Judgment Patents to X, discussed the patents with X, accused X of infringing the patents, or threatened a patent suit against X. Proffitt Decl. ¶¶ 4–5. Adeia also has no history of enforcing the Declaratory Judgment Patents against anyone; the patents are not part of any litigation campaign against X or any other company. *Id.* ¶ 7.

In contrast, X's cited cases involve disputes over specific identified key patents that the patentee alleged applied to the licensee's products, and license agreements whose royalties were conditioned on patent infringement.[3] *Bard*, for example, concerned an exclusive license to a single

---

[3] X relegates to a footnote a slew of other cases, each of which are equally unavailing. *Hero Nutritionals, Inc. v. Vitastix, Inc.*, 2010 WL 11580048, at *1, *4 (C.D. Cal. Apr. 23, 2010) ("[Licensee] entered into the License Agreement in response to [Patentee's] threat that [Licensee's] 'pixi-stick' product infringed the '549 patent."); *Miotox LLC v. Allergan Inc.*, 2015 WL 2084493, at *2 (C.D. Cal. May 5, 2015) (license to five specific Botox patents); *Hon Hai Precision Indus. Co. v. Wi-LAN, Inc.*, 2013 WL 2322675, at *6 (S.D.N.Y. May 28, 2013) (single licensed patent); *Ameranth v. Chownow*, 2021 WL 3686056, at *2 (S.D. Cal. Aug. 19, 2021) (settlement agreement covering four patents that were previously the subject of infringement litigation between the parties); *Beverly Hills Teddy Bear Co., Inc. v. GennComm, LLC*, 2020 WL 7049537, at *1 (C.D. Cal. Oct. 1, 2020) (license granted "[right] to make, use, and sell the subject matter of all patents and patent

key patent that allowed plaintiff to promote and sell a patented catheter assembly. *Baseload Energy v. Roberts*, 2012 WL 13047523, at \*1–2 (D.D.C. Mar. 27, 2012), involved a settlement agreement for a single key patent covering technology that the patentee-inventor was previously hired by the licensee to develop. In *C-Innovation, LLC v. Trendsetter Eng'g, Inc.*, 2021 WL 253858, at \*10 (E.D. La. Jan. 26, 2021), the court simply found that because the parties' license covered present infringement but not future infringement, the licensee could seek a declaratory judgment of non-infringement as to its planned future product. *Id.*

Thus, when the patentees in X's cited cases sued to enforce the terms of their licenses, a controversy necessarily arose as to infringement of the key licensed patents. That is not the case here. *See* MTD Reply at 7:12–10:17. Instead, this case far more closely resembles *In re Qualcomm Litigation*, 2017 WL 5985598, at \*17–\*18 (S.D. Cal. Nov. 8, 2017), in which a California district court found no jurisdiction where the patentee has evinced "a lack of specificity in identifying precise infringing patents," "has not made specific allegations of infringement as to the [declaratory judgment patents], nor . . . presented claim charts relating to these patents," despite the fact that the some of the plaintiffs were engaged in a royalty dispute with the patentee, the patentee regularly enforced its patent rights, and the patentee did not agree to a covenant not to sue. Here, even moreso than the plaintiffs in *Qualcomm*, X cannot meet its burden to establish subject matter jurisdiction. *See* MTD at 6:23–9:18, 10:15–11:8, 12:6–21.

**(b)      X's Jurisdictional Defects Cannot Be Cured By Amendment**

X also claims that Adeia's motion is not dispositive because X may seek "leave to amend." This argument fails for at least two reasons: (1) the standard is whether the motion to dismiss is ***potentially dispositive*** of the case, not whether leave to amend may be granted; and (2) the jurisdictional deficiencies in X's Complaint cannot be cured by amendment.

***First***, courts regularly conclude that "the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is ***not germane to the question before the Court on a motion to stay discovery***: whether Defendants' motion is potentially dispositive of the entire case."

---

applications on the ITEM . . . as more fully detailed in Exhibit A"). X also cites several cases that relate to defenses of patent invalidity, unenforceability, and misuse, which are not relevant here.

*Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (emphasis added); *see also Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, 2023 WL 8481814, at *2 (N.D. Cal. Dec. 7, 2023) (rejecting argument that the possibility of leave to amend rendered an otherwise dispositive motion non-dispositive); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (first prong met because "[o]n a motion to stay discovery, however, the question is only whether Facebook's motion to dismiss is 'potentially dispositive of the entire [case],'" even though counterarguments revealed that the motion would likely not be fully case-dispositive); *see also Nelson*, 2022 WL 19765995, at *2 (first prong met because "defendants have established that their motion is 'potentially dispositive' of the entire case") (Thompson, J.).

Still other courts have recognized the possibility of leave to amend, but nonetheless found this first prong met where the Court's "preliminary peek" into the merits revealed "formidable" arguments.  *See, e.g.*, *In re Google Dig. Advert. Antitrust Litig.*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020) (first prong satisfied because defendant's motion was potentially dispositive and "presents formidable arguments," even though leave to amend is freely given); *Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) ("These issues could prove difficult for Plaintiff to overcome, even with leave to amend. Thus, the Court finds that Defendant's motion to dismiss could be potentially dispositive. Staying discovery could therefore prevent the investment of unnecessary time and expense.").  X's cited cases are inapposite.  In *Singh v. Google, Inc.*, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016), the underlying motion to dismiss was not yet fully-briefed, such that the court was unable to take a "preliminary peek" at the merits and assess whether leave to amend would be appropriate.  Likewise, in *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018), the court found the first prong only "superficially satisfied" because the defendants had not provided "particular and specific facts" in support of either their motions to dismiss or to stay.  Here, in contrast, Adeia's MTD is fully briefed, and both of its motions are supported with particular and specific facts.

**Second**, the jurisdictional deficiencies here cannot be cured by amendment.  There is no factual basis to exercise jurisdiction in this case; even if leave to amend were granted, X cannot allege facts that do not exist.  Indeed, X did not contest any of Adeia's proffered facts regarding the

1   Declaratory Judgment Patents, and did not argue in its opposition that any deficiencies could be

2   remedied with leave to amend.  *See* ECF No. 35 (X's MTD Opp.).

3         X does not cite a single case in which a court granted leave to amend to cure a failure to

4   provide a factual basis for a ***patentee's affirmative actions***.  In *Essai, Inc. v. Delta Design, Inc*, the

5   court granted leave to amend to address the fact that the complaint did not sufficiently identify "the

6   products accused of infringement."  2013 WL 6248393, at *3 (N.D. Cal. Dec. 3, 2013).  Similarly,

7   in *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896 F. Supp. 2d 822, 830 (N.D. Cal. 2012), the court

8   granted leave to amend for failure to identify "potentially infringing conduct (or concrete steps

9   toward infringing conduct)."  In *Qualcomm*, the court granted leave to amend to address how a

10  declaratory judgment "would actually affect the legal relationship between the CMs and

11  Qualcomm."  2008 WL 5985598, at *22.  Moreover, the procedural posture of that case was very

12  different: the plaintiffs requested leave to amend, and there was no motion to stay pending because

13  the parties were already embroiled in multiple other disputes and claims in addition to the dismissed

14  declaratory judgment counterclaims.  It is unclear why X cited *Yodlee, Inc. v. Ablaise Ltd.*, 2008

15  WL 11389257, at *3 (N.D. Cal. Sept. 30, 2008); in that case, the court granted leave for the

16  declaratory judgment *defendant* to amend its *counterclaims* to remove allegations against certain

17  plaintiffs whose claims were dismissed for failure to establish subject matter jurisdiction.

18        Here, the jurisdictional deficiency is not that X has failed to identify patents or products—

19  the deficiency is that ***Adeia has not made any affirmative act to enforce the Declaratory Judgment***

20  ***Patents***.  Thus, because no allegation by X can change that basic reality, and there are no other

21  claims in this case, Adeia's motion to dismiss is unquestionably dispositive.

22            **2.**      **No Discovery Is Needed To Resolve Adeia's Motion To Dismiss**

23        Under the *Pacific Lumber* test, the second prong is satisfied if the motion to dismiss "can be

24  decided absent additional discovery."  *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*,

25  220 F.R.D. 349, 352 (N.D. Cal. 2003); Opp. at 2:20–21.  Here, Adeia's MTD is fully briefed, and

26  X filed its opposition without seeking discovery.  X now confirms that "it did not *need* to seek

27  discovery to establish subject matter jurisdiction."  Opp. at 7:27–28.  Accordingly, the second prong

28  of the test is met.  *See also Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal.

Apr. 27, 2018) ("The second prong is also met. . . . Briefing on the Motion to Dismiss is closed and neither party represents that further discovery is necessary to resolve that motion. *See Pac. Lumber Co.*, 220 F.R.D. at 352 (indicating that stay of discovery may be appropriate when neither party requires discovery in preparing the pending dispositive motion).").

The fact that the parties agree that no further discovery is necessary to resolve Adeia's MTD ends the analysis. X nonetheless attempts to identify discovery that allegedly "relate[s] to Adeia's [MTD] arguments," Opp. at 8:4–9:1, but that "discovery" is irrelevant both to the Court's consideration of the second prong of the *Pacific Lumber* test **and** Adeia's MTD. X attempts to create a discovery issue out of "Section 2.2 of the PLA," but that section was not mentioned or discussed in any of the MTD briefing. In addition, the critical jurisdictional question is not whether X is licensed, but whether Adeia made an "affirmative act" to enforce its patents. Adeia has already provided a sworn declaration regarding the lack of communications between it and X regarding the Declaratory Judgment Patents. Even if other communications existed (and they do not), X would not, as a practical matter, need discovery from Adeia in order to identify those communications, which necessarily would have involved X.

Thus, the second prong of this District's test is met, and the Court may issue a stay and protective order pending resolution of Adeia's MTD.

### C.    Failure To Grant A Stay Would Unduly Burden And Prejudice Adeia

X incorrectly claims that Adeia has not met its burden to establish that proceeding with discovery would be substantially prejudicial and unduly burdensome. Opp. at 9.

***First***, the same facts that establish why subject matter jurisdiction does not exist here—namely, that Adeia has never made any affirmative act to assert the Declaratory Judgment Patents against X—also explain why it would be unfair, prejudicial, and burdensome to proceed with discovery, and especially infringement contentions, in this case. *See also* Mot. at 8:22–9:22. It simply does not make sense to force Adeia to undertake this infringement analysis while a jurisdictional challenge based in no small part on that same lack of analysis is pending. That approach puts the cart before the horse, and would force Adeia to take infringement positions on patents that it never intended to assert, and still does not intend to assert, against X. X never

addresses this issue, instead arguing that it is typical practice in this District to require infringement contentions before discovery.  Opp. at 10:10–13.  But this is not a typical case.  In a typical case, the patentee has signed on to litigation by filing a complaint, or by making some "affirmative act" to assert a specific patent against a specific defendant.  There is no such history here, and this District's Patent Local Rule 1-3 specifically states that the Court "may modify the obligations or deadlines set forth in these Patent Local Rules based on the circumstances of any particular case."

*Second*, far from being "basic," X's requested discovery includes, for example, a lengthy contention interrogatory seeking Adeia's infringement positions even *before* Patent Local Rule contentions are due.  *E.g.*, ECF No. 51-1 (Ex. A) at 3–4 (Rog No. 1).  Similarly, although X claims certain categories of discovery are "easy to provide with limited effort," Opp. at 9:7–16, there is no reason to provide any of them ***now***.  These allegedly "easy" requests are either part of later Patent Local Rule discovery (*e.g.*, RFP No. 3); publicly available (*e.g.*, RFP No. 2); tailored toward forcing Adeia to litigate the Declaratory Judgment Patents where it has evinced no intent to do so (RFP No. 4); or otherwise irrelevant (*e.g.*, RFP Nos. 11, 12).  Proceeding immediately to discovery on these issues makes no sense in view of the practical realities of this case.

*Finally*, the Court should disregard X's attempts to flee from its own forum-shopping admissions.  The simple fact is that X proposed dropping this case altogether in exchange for an agreement that, if there was future litigation, it would be brought in this Court.  ECF No. 37-3 (2/13/2024 X Email) ("X is prepared to dismiss this action without prejudice if Adeia agrees that, if it later sues X for patent infringement, it will do so in the Northern District of California.").  X is not entitled to any such concession; as the Ninth Circuit has recognized, "[t]he wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum."  *Lear Siegler Inc. v. Adkins*, 330 F.2d 595, 602 (9th Cir. 1964).  X's proposal confirms that a stay is both appropriate and necessary to avoid prejudice to Adeia.

The Court should also disregard X's baseless accusations regarding whether Adeia's arguments are "genuine."  *See* Opp. at 10–11.  X claims that Adeia "could readily moot the controversy by granting X a comprehensive and binding covenant not to sue."  *See id.*  Here, again, X is not entitled to any such concession.  The Federal Circuit has very clearly explained that a

patentee is not required to provide a covenant not to sue under these circumstances:

> A patentee has **no obligation** to spend the time and money to test a competitors' product nor to make a definitive determination, at the time and place of the competitors' choosing, that it will never bring an infringement suit. And the patentee's silence does not alone make an infringement action or other interference with the plaintiff's business imminent. Thus, though a defendant's failure to sign a covenant not to sue is one circumstance to consider in evaluating the totality of the circumstances, it is not sufficient to create an actual controversy—some affirmative actions by the defendant will also generally be necessary.

*Prasco*, 537 F.3d at 1341 (emphasis added).  The Declaratory Judgment Act is not, and was never intended to be, a tool for companies like X to use to strong-arm patentees into conducting infringement analyses in the first instance in order to extract covenants to which X is not entitled—whether they are covenants to sue in a particular forum, or covenants not to sue at all.

X also claims that Adeia's statements regarding its lack of intent to pursue patent litigation against X are "carefully crafted and heavily qualified."  Opp. at 10–11.  But Adeia could not have been more clear.  Adeia submitted a declaration from its Director of Intellectual Property Licensing attesting to the fact that it has **never** analyzed whether X infringes the Declaratory Judgment Patents, has never enforced the Declaratory Judgment Patents, and has not threatened X with a patent infringement suit.  Proffitt Decl. ¶¶ 4–7.  To date, Adeia **still** has not analyzed or otherwise taken a position as to whether X infringes the Declaratory Judgment Patents.  *See also, e.g.*, ECF No. 36 (CMC Stmt.) at 3:1–13; MTD Reply at 11:26–12:16.  Adeia is not required to undertake that analysis simply because X has attempted to manufacture a controversy through the filing of this lawsuit.  *See Prasco*, 537 F.3d at 1341.  And Adeia respectfully submits that it should not be required to undertake that analysis unless and until Judge Thompson determines whether X has carried its burden to show that this Court has subject matter jurisdiction over X's Complaint.

## III.   CONCLUSION

Adeia respectfully requests that the Court stay all discovery, as well as Adeia's deadlines to respond to X's February 29, 2024 Requests for Production and Interrogatories, pending Judge Thompson's resolution of  Adeia's motion to dismiss for lack of subject matter jurisdiction.

1    Dated:  March 26, 2024           Respectfully submitted,

2                                 By:     */s/ Charlotte J. Wen*
                                       Charlotte J. Wen

3

4                                 Benjamin W. Hattenbach (SBN 186455)
                                Charlotte J. Wen (SBN 313572)

5                                 **IRELL & MANELLA LLP**
                                1800 Avenue of the Stars, Suite 900

6                                 Los Angeles, California 90067
                                Telephone:  (310) 277-1010

7                                 bhattenbach@irell.com
                                cwen@irell.com

8

9                                 A. Matthew Ashley (SBN 198235)
                                **IRELL & MANELLA LLP**

10                                840 Newport Center Drive, Suite 400
                               Newport Beach, California  92660

11                                Telephone: (949) 760-0991
                               mashley@irell.com

12

13                                *Counsel for Defendants*
                               ADEIA INC., ADEIA MEDIA LLC,

14                                ADEIA GUIDES INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28