UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP.,<br><br>            Plaintiff,<br><br>    v.<br><br>ADEIA INC., et al.,<br><br>            Defendants. | Case No. 23-cv-06151-TLT<br><br>**NOTICE OF QUESTIONS**<br><br>Re: ECF No. 23 |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, ECF No. 23. The Court finds Defendants' Motions, ECF Nos. 23 is suitable for decision without oral argument pursuant to Civ. L.R. 7-1(b). Accordingly, the motion hearing set for April 9, 2024 is therefore vacated. However, an April 23, 2024, hearing date for the Motion to Dismiss remains set, unless the parties' responses provide enough information for the Court to finalize the Order re Motion to Dismiss. If the parties' responses provide enough information for the Court to finalize the Order re Motion to Dismiss, then the Court will vacate the April 23, 2024 hearing date for the Motion to Dismiss, ECF No. 23, seven (7) days in advance of the April 23, 2024 hearing date.

The parties are ordered to provide responses to the below, which will assist the Court in determining whether it has jurisdiction to hear the matter, whether the action should be stayed pending the resolution of the state court action, or any other actions, and whether the Plaintiff is collaterally estopped from seeking the relief sought in the complaint.

**Question No. 1.** From the case management conference, the Court understands that (1) there is a pending state court action adjudicating the breach of contract claim brought by Defendants against Plaintiff; and (2) the parties are engaged in settlement discussions in that court action which, if reached, would be a global settlement. Have the parties scheduled private mediation yet? If yes, what is the date and time of that mediation, and what is the name of the mediator? If not, please explain the status of scheduling mediation to discuss a global settlement.

**Question No. 2.** How many other patents are at issue in the contract besides the four patents at issue[1]? What is the latest-running patent covered by the parties in the agreement being disputed in the Santa Clara Superior Court? For any of the four patents at issue, listed in footnote 1, have any of them lapsed due to the non-payment of fees that were due to the USPTO? If so, for which patents, and what is the date range that the fees were unpaid for?

**Question No. 3.** Have any of the patents at issue been assigned before Defendants' ownership of them, including assignment to Defendants? If so, please provide a brief explanation of the history of the assignment and/or transfer of interest and include whether the terms of that assignment or transfer included any prohibitions that would preclude the enforcement of the patents.

**Question No. 4.** Have any issues presented in this action relating to the four patents at issue been the subject of any prior or pending proceedings relating to their enforcement (whether the proceedings were in state court, federal court, before PTAB or before the USPTO)? If so, please list the cases.

In submitting answers to the above questions, the parties may meet and confer to file a Joint Statement, otherwise, the parties are ordered to provide Separate Statements. In submitting any Declarations, the parties may also include any stipulations which pertain to their response.

Finally, the parties should include citations to any relevant portions of the record (*i.e.*, ECF Nos.) and any relevant case law that is not already cited in their briefs to answer the above-listed questions. Responses must be filed within the next twelve (12) days of this order.

IT IS SO ORDERED.

Dated: April 4, 2024

TRINA L. THOMPSON
United States District Judge

---

[1] *See* ECF No. 35, at 7:13-8:4 (listing the four patents: "U.S. Patent No. 10,694,137 ('the **'137 patent'**) is titled 'Systems and Methods for Resizing Content Based on a Relative Importance of the Content.' U.S. Patent No. 10,951,563 ('the **'563 patent'**) is titled 'Enhancing a Social Media Post with Content that is Relevant to the Audience of the Post.' U.S. Patent No. 11,288,582 ('the **'582 patent'**) is titled 'Systems and Methods for Providing Media Content Recommendations.' U.S. Patent No. 11,756,071 ('the **'071 patent'**) is titled 'Managing Impressions of an Advertisement Campaign.'") (bold emphasis added).