Benjamin W. Hattenbach (SBN 186455)
Charlotte J. Wen (SBN 313572)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
bhattenbach@irell.com
cwen@irell.com

A. Matthew Ashley (SBN 198235)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
mashley@irell.com

*Counsel for Defendants*
ADEIA INC., ADEIA MEDIA LLC, ADEIA GUIDES INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

X CORP.,

Plaintiff,

v.

ADEIA INC., ADEIA MEDIA LLC, and ADEIA GUIDES INC.

Defendants.

Case No. 3:23-cv-06151-TLT-PHK

**(PUBLIC REDACTED VERSION)**

**DEFENDANTS' STATEMENT RESPONDING TO THE COURT'S NOTICE OF QUESTIONS RE: MOTION TO DISMISS (ECF NO. 56)**

Hearing Date: April 23, 2024
Hearing Time: 2:00 p.m.
Location: Courtroom 9, 19th Floor
District Judge: Hon. Trina L. Thompson

# TABLE OF CONTENTS

**Page**

**TABLE OF MOTION TO DISMISS FILINGS** .......... ii

**TABLE OF MOTION TO STAY FILINGS** .......... iii

**PRELIMINARY STATEMENT** .......... 1

**RESPONSES TO THE COURT'S QUESTIONS** .......... 2

QUESTION NO. 1 .......... 2

"Have the parties scheduled private mediation yet? If yes, what is the date and time of that mediation, and what is the name of the mediator? If not, please explain the status of scheduling mediation to discuss a global settlement." .......... 2

QUESTION NO. 2 .......... 2

"How many other patents are at issue in the contract besides the four patents at issue?" .......... 2

"What is the latest-running patent covered by the parties in the agreement being disputed in the Santa Clara Superior Court?" .......... 3

"[H]ave any of the [four patents] lapsed due to the non-payment of fees that were due to the USPTO? If so, for which patents, and what is the date range that the fees were unpaid for?" .......... 3

QUESTION NO. 3 .......... 3

"Have any of the patents at issue been assigned before Defendants' ownership of them, including assignment to Defendants? If so, please provide a brief explanation of the history of the assignment and/or transfer of interest and include whether the terms of that assignment or transfer included any prohibitions that would preclude the enforcement of the patents." .......... 3

QUESTION NO. 4 .......... 5

"Have any issues presented in this action relating to the four patents at issue been the subject of any prior or pending proceedings relating to their enforcement (whether the proceedings were in state court, federal court, before PTAB or before the USPTO)?" .......... 5

## TABLE OF MOTION TO DISMISS FILINGS

### BRIEFING

**Adeia's Opening Brief** .................... **ECF No. 24-3**

*Public Redacted Version* .................... ECF No. 23

**X's Opposition Brief** .................... **ECF No. 35**

**Adeia's Reply Brief** .................... **ECF No. 38-1**

*Public Redacted Version* .................... ECF No. 37

### DECLARATION AND EXHIBITS

**Declaration of Adeia IP Licensing Director James Proffitt** .................... **ECF No. 24-4**

*Public Redacted Version* .................... ECF No. 23-1

**Adeia's Supporting Exhibits**

Exhibit 1 (Patent License Agreement) (*sealed*) .................... ECF No. 24-5

Exhibit 2 (Adeia's State Court Complaint) (*public*) .................... ECF No. 23-4

Exhibit 3 (Adeia's Jan. 4, 2024 Letter to X) (*public*) .................... ECF No. 23-5

Exhibit 4 (Adeia's 2023 Q4 Investor Call Transcript) (*public*) .................... ECF No. 37-2

Exhibit 5 (X's Feb. 13, 2024 Email to Adeia) (*public*) .................... ECF No. 37-3

# TABLE OF MOTION TO STAY FILINGS

## ORDER

**Magistrate Judge Kang's April 10, 2024 Order**

*Granting Adeia's Motion To Stay Discovery* .......................................................... **ECF No. 57**

## BRIEFING AND EXHIBITS

**Parties' Briefing**

Adeia's Opening Brief .......................................................................................... ECF No. 40

X's Opposition Brief ............................................................................................. ECF No. 51

Adeia's Reply Brief................................................................................................. ECF No. 53

**Parties' Exhibits**

Exhibit 1 (X's Feb. 29, 2024 Discovery Service Email)........................................ECF No. 40-2

Exhibit 2 (X's Feb. 29, 2024 Rule 26(a)(1) Initial Disclosures)............................ECF No. 40-3

Exhibit 3 (Email Chain Between Counsel for X and Adeia) .................................ECF No. 53-2

Exhibit A (X's Feb. 29, 2024 Interrogatories (Set One))......................................ECF No. 51-1

Exhibit B (X's Feb. 29, 2024 Requests For Production (Set One)) .......................ECF No. 51-1

PUBLIC VERSION

## PRELIMINARY STATEMENT

Adeia hereby responds to the Court's April 4, 2024 Notice of Questions (ECF No. 56) regarding Adeia's Motion to Dismiss (ECF No. 23, "Motion," or "Mot.").

Adeia further notes that after those questions were posed, Magistrate Judge Kang stayed all discovery pending resolution of Adeia's Motion, which he meticulously analyzed, concluding that "Adeia's motion to dismiss presents strong and meritorious arguments for dismissal of X's declaratory judgment claims." ECF No. 57 (Order Granting Motion to Stay Discovery, "MTS Order") at 7:12–14. In particular, Judge Kang found that:

> Adeia argues—with support in the record and in light of all the circumstances—that X cannot meet the burden to show an affirmative act by Adeia related to the Patents-in-Suit sufficient to confer declaratory judgment jurisdiction. Most notably, there is no allegation or evidence suggesting that Adeia ever communicated with X regarding the Patents-in-Suit prior to filing this lawsuit. Indeed, there is also no allegation or evidence suggesting that Adeia ever accused X of infringing the four patents at issue in this case. Because there were no pre-suit communications about the Patents-in-Suit, there is no allegation or evidence suggesting that the Parties ever exchanged claims charts or engaged in discussions about any infringement analysis.
>
> These circumstances and facts all implicate most of the factors relevant to determining declaratory judgment jurisdiction, where the lack of such communications and exchanges about the Patents-in-Suit lead to the following conclusions based on the facts here . . .
>
> Thus, here where most of the factors weigh against jurisdiction, where two factors are neutral at best, and where only one factor weighs in favor of declaratory judgment jurisdiction, there is ample grounds to find that Adeia's motion to dismiss is (at least) potentially dispositive of the entire case. Looking beyond the factors alone and taking into account the totality of the circumstances, Adeia's motion to dismiss presents strong arguments that the case lacks a substantial controversy of sufficient immediacy and reality to warrant declaratory judgment jurisdiction.

ECF No. 57 (MTS Order) at 7:14–22, 7:22–8:21, 11:21–27 (internal citations omitted).

Adeia respectfully submits that its Motion to Dismiss should be granted, including because none of the additional facts discussed below support subject matter jurisdiction.

**RESPONSES TO THE COURT'S QUESTIONS**

**QUESTION NO. 1**

**"Have the parties scheduled private mediation yet? If yes, what is the date and time of that mediation, and what is the name of the mediator? If not, please explain the status of scheduling mediation to discuss a global settlement."**

No. The parties have been ordered to complete mediation by July 1, 2024 in this matter, and there is no deadline for the parties to complete mediation in the state court case.

**QUESTION NO. 2**

**"How many other patents are at issue in the contract besides the four patents at issue?"**

The Patent License Agreement ("PLA") covers [redacted] Adeia's U.S. and foreign patent assets, including [redacted] *See* ECF No. 24-3 (PLA) at 7–77 (schedules providing [redacted] of assets). Adeia estimates that as of February 29, 2024, the PLA covered [redacted] patent assets; however, [redacted] For instance, at the time that the PLA was executed on April 25, 2019, ECF No. 24-3 (PLA) at 1, it covered [redacted] patent assets, and the Declaratory Judgment Patents had not yet issued.[1]

The number of rights covered by the PLA weighs against subject matter jurisdiction. As Judge Kang recently held, "because the PLA covers many patents in addition to the Patents-in-Suit, there is insufficient immediacy of an infringement lawsuit as to those four specific patents simply

[1] All four Declaratory Judgment Patents issued between 2020 and 2023. ECF No. 5-1 ('137 Pat., issued June 2020); ECF No. 5-2 ('563 Pat., issued March 2021); ECF No. 5-3 ('582 Pat., issued March 2022); ECF No. 5-4 ('071 Pat., issued September 2023). These facts weigh against jurisdiction, including because there is no evidence to suggest that these patents were key to the PLA. ECF No. 57 (MTS Order) at 11:4–6 ("Here, by contrast, the Patents-in-Suit are neither specifically identified nor alleged to be key to the PLA . . . .").

because the PLA as a whole is being enforced in the state court action." ECF No. 57 (MTS Order) at 11:16–18; *see also id.* at 12:4–9 (noting that the *In re Qualcomm* case cited in the parties' motion to dismiss briefing found no subject matter jurisdiction because the "declaratory judgment plaintiff failed to meet their burden to show how 'a declaratory judgment as to only nine patents in a portfolio of thousands' would finally and conclusively resolve the parties' underlying dispute over royalty payments where such payments were not conditioned on whether the subject patents were valid or infringed").

**"What is the latest-running patent covered by the parties in the agreement being disputed in the Santa Clara Superior Court?"**

As of March 31, 2024, the latest-running patent covered by the PLA will expire in [redacted]. The latest-running Declaratory Judgment Patent (U.S. Patent No. 11,756,071) will expire in 2038.

**"[H]ave any of the [four patents] lapsed due to the non-payment of fees that were due to the USPTO? If so, for which patents, and what is the date range that the fees were unpaid for?"**

No. None of the four Declaratory Judgment Patents have lapsed due to non-payment of fees.

**QUESTION NO. 3**

**"Have any of the patents at issue been assigned before Defendants' ownership of them, including assignment to Defendants? If so, please provide a brief explanation of the history of the assignment and/or transfer of interest and include whether the terms of that assignment or transfer included any prohibitions that would preclude the enforcement of the patents."**

Yes. Consistent with industry custom, before issuance each of the four Declaratory Judgment Patents were assigned (without any prohibitions that would preclude the enforcement of the patents) by their respective named inventor(s) to Rovi Guides, Inc., which changed its name to Adeia Guides Inc. Adeia Guides Inc. is the current owner of the Declaratory Judgment Patents. *See* ECF No. 1 (Compl.) ¶¶ 5, 42, 44, 46, 48.

Judge Kang analyzed and definitively rejected X's argument that [redacted] Section 2.2 of the parties' Patent License Agreement affects the Declaratory Judgment Patents. *See also, e.g.*, ECF No. 57 (MTS Order) at 14:1–6 ("[U]nder Section 2.2, [redacted] Notably, there is no allegation that any of the four Patents-in-Suit were [redacted] and no basis to believe that Section 2.2's provisions impact [redacted] those four patents pursuant to Section 2.1 of the PLA." (citations omitted)); *see also id.* at 14:7–11 ("X argues that Adeia was formerly known as Rovi Guides, Inc. (and is thus a Rovi-related entity) and that Adeia is the current assignee or owner of the four Patents-in-Suit. [redacted]."); *id.* at 13:24–26 ("Whether [redacted] Section 2.2 is irrelevant to and in no way undercuts the [redacted] Section 2.1 of the PLA").

No prohibitions preclude Adeia from enforcing the Declaratory Judgment Patents, including as a result of the above-described assignment. However, Adeia has never indicated any intention to enforce the Declaratory Judgment Patents against X. ECF No. 24-4 (Proffitt Decl.) ¶¶ 4–6. As Judge Kang found, the facts here—including that Adeia never discussed the Declaratory Judgment Patents with X, or accused X of infringing those patents—"implicate most of the factors relevant to determining declaratory judgment jurisdiction, where the lack of such communications and exchanges about the Patents-in-Suit lead to the following conclusions:"

> the first factor ("strength of threatening language") is lacking because here there was no language or pre-suit communication at all concerning the four Patents-in-Suit;
>
> the second factor ("depth and extent of infringement analysis") is lacking because here there is no such analysis;
>
> the third factor ("whether the patent holder imposed a deadline to respond") is absent because there were no pre-suit discussions at all and thus no deadlines to impose for a response;
>
> the sixth factor ("whether the patent holder's threats have induced the alleged infringer to change its behavior") is absent because here there were no threats and thus no change in behavior that would have been caused by any threats;

> the seventh factor ("number of times the patent holder has contacted the alleged infringer") is absent because here there were zero contacts regarding the Patents-in-Suit;
>
> the ninth factor ("whether the patent holder refused to give assurance it will not enforce the patent") is absent because here there were no discussions about the patents at all and thus no opportunity to ask for and no occasion to refuse any assurances;
>
> the tenth factor ("whether the patent holder has identified a specific patent and specific infringing products") is absent because here no such identifications occurred;
>
> the twelfth factor ("length of time that transpired after the patent holder asserted infringement") is absent because here there never was a pre-suit assertion of infringement and thus no time to transpire between communications; and
>
> the thirteenth factor ("communications initiated by the plaintiff appear as an attempt to create a controversy") is lacking because again here there were no communications about the Patents-in-Suit at all.
>
> The absence of all these nine (out of the thirteen) factors weighs heavily against finding subject matter jurisdiction.

ECF No. 57 (MTS Order) at 7:23–8:21.

**QUESTION NO. 4**

---

**"Have any issues presented in this action relating to the four patents at issue been the subject of any prior or pending proceedings relating to their enforcement (whether the proceedings were in state court, federal court, before PTAB or before the USPTO)?"**

---

No. None of the four Declaratory Judgment Patents have been the subject of any prior or pending proceedings relating to their enforcement.

**No State Proceedings**

In the state court breach of contract suit between the parties, *Adeia Media LLC v. X Corp.*, No. 23-CV-420578 (Santa Clara Sup. Ct. Aug. 7, 2023), Adeia is not enforcing any of its patent rights in that suit. To the contrary, Adeia has consistently maintained that the Patent License Agreement remained effective, even after the contract suit was filed. *E.g.*, ECF No. 23-4 (Adeia Compl. ¶ 7) (confirming that the PLA "has not been terminated, and it remains in effect"); ECF No. 23-5 (Adeia's Jan. 4, 2024 Ltr.) ("The PLA remains in full force and effect.").

Indeed, Judge Kang held that "the fact that Adeia has sued to recover royalties allegedly owed under the PLA is not sufficiently immediate or real to create declaratory judgment jurisdiction

as to the four Patents-in-Suit," ECF No. 57 (MTS Order) at 10:10–12, under the totality of the circumstances:

> According to X, because Adeia has sued to enforce the PLA, and because the Patents-in-Suit are covered by the PLA, Adeia has allegedly put X on notice of Adeia's intent to enforce the Patents-in-Suit.
>
> X's argument overlooks the totality of the circumstances regarding the PLA itself. The PLA is a [redacted] patents, not just the four Patents-in-Suit. In state court, Adeia alleges that X has not paid royalties owed under the PLA, but Adeia does not allege (nor does X argue here) that these unpaid royalties are tied to [redacted] or linked to the Patents-in-Suit in particular.

ECF No. 57 (MTS Order) at 9:18–25. Judge Kang further explained all of X's cited cases are distinguishable and do not support subject matter jurisdiction here, because those cases uniformly involved patent licenses that were focused on specific key patents, not broad portfolio licenses:

> In arguing that the state court action filed by Adeia is sufficient to create declaratory judgment jurisdiction between the Parties here, X cites . . . cases [that] are distinguishable from the case at hand in two major respects. First, each of the cases cited by X involved patents that were specifically identified and key to the underlying licensing agreements. Here, by contrast, the Patents-in-Suit are neither specifically identified nor alleged to be key to the PLA, which is itself [redacted] (in addition to the Patents-in-Suit, which had not issued as of the date of the PLA in any event).
>
> Further, in each of the cases cited by X, the underlying license agreement expressly linked unpaid royalties with breach of the agreement. As discussed above, there is no allegation in this case that the PLA [redacted] such that [redacted]

*Id.* at 10:16–11:15 (string citations and parentheticals omitted).

In addition, X's counsel represented at the March 28 Case Management Conference that Adeia's state court suit has nothing to do with this case. X's erroneous argument that Adeia's state court suit "demonstrate[s] its willingness to take action to enforce its patent rights through the state court suit," ECF No. 35 (X's MTD Opp.) at 7:9–10, thus conflicts with its own admissions about the irrelevance of that proceeding to this case, as well as with settled law prohibiting the enforcement of patent rights in state court.[2] As Adeia has explained, Adeia's state court suit is seeking a

[2] "The district courts of the United States have original jurisdiction over any civil action arising under any Act of Congress related to patents and this jurisdiction is exclusive of the courts of the states." *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002); *see also* 28 U.S.C. § 1338(a) (2011) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents . . . .").

contractually-agreed payment that is due without regard to whether X is infringing any patents, whether any patents are valid, or any other patent analysis.

**No Federal Proceedings**

Adeia has never filed any suit in any federal court or in the International Trade Commission to enforce the Declaratory Judgment Patents, nor asserted that anyone infringes the Declaratory Judgment Patents [redacted]. ECF No. 24-4 (Proffitt Decl.) ¶ 7 ("Neither Adeia Inc., Adeia Media LLC, Adeia Guides Inc., nor its predecessors-in-interest, have ever mentioned the Declaratory Judgment Patents [redacted], or ever filed suit based on the Declaratory Judgment Patents."). Furthermore, Adeia has never filed any suit to enforce any patents against X. *Id.* ¶ 6. Thus, X's claims that "Adeia hopes to sue X in a distant forum to drive up its litigation costs, while X prefers that the litigation proceed in this district," ECF No. 35 (X's MTD Opp.) at 1:25–27, are both false and wholly insufficient to establish that the Court has subject matter jurisdiction over X's claims. To the contrary, the fact that X filed this lawsuit for forum-shopping purposes, as admitted by its own counsel, weighs heavily against jurisdiction. ECF No. 38-1 (Adeia's Sealed MTD Reply) at 13:22–15:9.

As Judge Kang found, because "there is no allegation or evidence suggesting that Adeia has ever tried to enforce the Patents-in-Suit against not only X but even against any other parties," there is no "history of enforcing the patent at issue" under the fifth jurisdictional factor, which "further weighs against finding jurisdiction." ECF No. 57 (MTS Order) at 8:22–28.

**No Patent Office Proceedings**

No party has ever filed any post-grant proceedings (*e.g.*, reexaminations or *inter partes* reviews) in the U.S. Patent & Trademark Office with respect to the Declaratory Judgment Patents, including before the Patent Trial & Appeal Board.

Dated: April 16, 2024

Respectfully submitted,

By: */s/ Charlotte J. Wen*
Charlotte J. Wen

Benjamin W. Hattenbach (SBN 186455)
Charlotte J. Wen (SBN 313572)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
bhattenbach@irell.com
cwen@irell.com

A. Matthew Ashley (SBN 198235)
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telephone: (949) 760-0991
mashley@irell.com

*Counsel for Defendants*
ADEIA INC., ADEIA MEDIA LLC,
ADEIA GUIDES INC.