KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
KRISTEN E. LOVIN - # 293688
klovin@keker.com
TAYLOR REEVES - # 319729
treeves@keker.com
EMILY A. HASSELBERG - # 326990
ehasselberg@keker.com
AMRUTHA DORAI - # #352697
adorai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Plaintiff X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ADEIA INC., a Delaware corporation; ADEIA MEDIA LLC, a Delaware limited liability company; and ADEIA GUIDES INC. (f/k/a ROVI GUIDES INC.), a Delaware corporation,<br><br>　　　　　Defendants. | Case No. 3:23-cv-06151-TLT-PHK<br><br>**ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFF'S MOTION FOR RELIEF**<br><br>Dept.:　　Courtroom 9 – 19th Floor<br>Judge:　　Hon. Judge Trina L. Thompson<br><br>Date Filed: November 28, 2023<br>Trial Date: None Set |

## I.   INTRODUCTION

Pursuant to Civil Local Rules 79-5 and 7-11 and this Court's Standing Order Governing Motions to Seal ("Standing Order"), Plaintiff X Corp. ("X") requests an Order authorizing the sealing of materials filed as part of Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Granting Defendants' Motion to Stay Discovery and for Protective Order (Dkt. 57) that reference terms of the confidential Patent License Agreement ("PLA") entered into by X's and Defendants' respective predecessors in interest.

The materials that X seeks to seal are substantially identical to information that this Court has already ordered sealed.[1]  The Proposed Order accompanying this Motion includes a specific listing of portions of documents that X seeks to seal.  X has reviewed and complied with Civil Local Rules 79-5 and 7-11, as well as the Standing Order.

## II.   LEGAL STANDARD

The Court may grant a motion to seal under Civil Local Rule 79-5 based on a consideration of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.*  Because Plaintiff's Motion for Relief is not dispositive, the "good cause" standard applies.

## III.   ARGUMENT

### a.   X has a legitimate interest in the sealing of the terms of the PLA

X has a legitimate interest in maintaining as confidential the terms of the PLA, which are the product of protracted, arms-length negotiations that reveal competitively sensitive information about X's licensing portfolio.  For this reason, the PLA is labeled as "confidential" on every page

---

[1] *See* ECF No. 26 (X's Administrative Motion to File Under Seal Portions of Defendant's Motion to Dismiss); ECF No. 29 (Order Granting ECF No. 26); ECF No. 46 (X's Administrative Motion to Seal Portions of Defendant's Reply Brief); ECF No. 49 (Order Granting ECF No. 46).

and contains a confidentiality provision that limits disclosure. X considers the terms of the PLA highly valuable, as they describe confidential pricing structures, licensing periods, processes for extension, and specific covered patents and products. *See* ECF No. 26-1, Declaration of Adam Mehes in support of Motion to Seal ("Mehes Decl.") ¶¶ 3, 5-7. Courts routinely find a trade secret interest in similar terms of confidential license agreements. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("pricing terms, royalty rates, and guaranteed minimum payment terms …. plainly fall[] within the definition of 'trade secrets.'"); *Tessera, Inc. v. Toshiba Corp.*, No. 15-CV-02543-BLF, 2016 WL 6778687, at *2 (N.D. Cal. Nov. 16, 2016) (finding descriptions of "terms, technologies, patents, products, and royalty obligations" contained in a confidential license agreement to be sealable trade secrets).

### b. X would suffer significant competitive injury if sealing is denied

X has taken steps to maintain as confidential the terms of the PLA, as disclosure of the terms would cause severe competitive harm to X. *See* Mehes Decl ¶ 5. X relies on the confidentiality of its PLA terms in negotiating with potential customers and competitors. *See id*. ¶ 6. The disclosure of these business trade secrets will reduce X's bargaining power, limit its ability to enter mutually beneficial licensing agreements, and threaten its competitive standing. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 11-CV-01846-LHK, 2013 WL 3958232, at *3 (N.D. Cal. July 29, 2013) ("The Court finds that the public release of [license agreement] information could indeed place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competitive standing."); *Tessera*, 2016 WL 6778687 at *2 ("disclosure of these nonpublic facts would materially impair Tessera's ability to continue to license its technology successfully and would cause serious competitive consequences to Tessera's business.").

### c. X's request to seal is narrowly tailored

X's request to redact limited portions of Plaintiff's Motion is narrowly tailored and proportionate to the privacy interests at stake. X seeks to seal only the portions of the identified documents that reveal its proprietary and confidential information, while leaving less sensitive portions unredacted. *Cf. Apple*, 2013 WL 3958232, at *4 (rejecting motion to seal entire

licensing agreement but sealing specific portions). Sealing these requested portions will not interfere with the "public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1179 (internal quotations omitted).

### IV. CONCLUSION

Due to the sensitive and confidential nature of the information disclosed, X respectfully requests that the Court seal and redact these passages from the public version of Defendants' Motion for Relief.

Dated: April 23, 2024                                KEKER, VAN NEST & PETERS LLP

By: */s/ David Silbert*
DAVID SILBERT
SHARIF E. JACOB
KRISTEN E. LOVIN
TAYLOR REEVES
EMILY A. HASSELBERG
AMRUTHA DORAI

Attorneys for Plaintiff X CORP.