1
KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
2
SHARIF E. JACOB - # 257546
sjacob@keker.com
3
KRISTEN E. LOVIN - # 293688
klovin@keker.com
4
TAYLOR REEVES - # 319729
treeves@keker.com
5
EMILY A. HASSELBERG - # 326990
ehasselberg@keker.com
6
AMRUTHA DORAI - # 352697
adorai@keker.com
7
633 Battery Street
San Francisco, CA 94111-1809
8
Telephone:    415 391 5400
Facsimile:    415 397 7188
9

10
Attorneys for Plaintiff X CORP.

11
UNITED STATES DISTRICT COURT

12
NORTHERN DISTRICT OF CALIFORNIA

13
X CORP., a Nevada corporation,

14
            Plaintiff,

15
    v.

16
ADEIA INC., a Delaware corporation;
ADEIA MEDIA LLC, a Delaware limited
17
liability company; and ADEIA GUIDES INC.
(f/k/a ROVI GUIDES INC.), a Delaware
18
corporation,

19
            Defendant.

20

Case No. 3:23-cv-06151-TLT-PHK

**PLAINTIFF X CORP.'S MOTION FOR
RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE
JUDGE GRANTING DEFENDANTS'
MOTION TO STAY DISCOVERY AND
FOR PROTECTIVE ORDER**

Judge:        Hon. Trina L. Thompson

Date Filed:  November 28, 2023
Trial Date:  March 23, 2026

21

22

23

24

25
**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

26

27

28

Pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil L.R. 72-2, Plaintiff X Corp. ("X") respectfully moves for relief from the Magistrate Judge's nondispositive pretrial order granting Defendants' Adeia Inc., Adeia Media LLC, and Adeia Guides Inc. (collectively, "Adeia") motion to stay discovery and for a protective order. Dkt. 57 ("Order").

## I.      PORTIONS OF ORDER (DKT. 57)  TO WHICH OBJECTION IS MADE

Magistrate Judge Kang's Order was based on a determination that Adeia's pending Motion to Dismiss is meritorious.  But that conclusion is clearly erroneous under controlling law. Specifically, the Order erroneously found that the record is "unclear" as to whether X had terminated its Patent License Agreement ("PLA") with Adeia (*see, e.g.*, Order at 10), and based on this finding, committed several other key errors, including ignoring binding Federal Circuit precedent in analyzing the Motion to Dismiss (*see, e.g. id.* at 9-10) and misconstruing the relevance of X's requested discovery (*see, e.g.*, *id.* at 12–15).

## II.      LEGAL STANDARD

A magistrate judge's nondispositive pretrial order may be modified or set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A). "[T]he magistrate's factual determinations are reviewed for clear error[;]" "legal conclusions are reviewed de novo to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  "A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Rojas v. Bosch Solar Energy Corp.*, No. 18-cv-05841-BLF, 2020 WL 6557547, at *2 (N.D. Cal. July 20, 2020).

## III.      ARGUMENT

In evaluating the two-prong test that courts in this District apply to a motion to stay discovery pending resolution of a motion to dismiss—namely, (1) whether the pending motion is "potentially dispositive of the entire case," and (2) whether it "can be decided absent additional discovery," *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351–352 (N.D. Cal. 2003)—the Order clearly erred at both steps of the analysis.

A. **The Order's analysis of whether Adeia's motion to dismiss is potentially case dispositive (Factor 1) should be set aside as contrary to law.**

In evaluating whether Adeia's Motion to Dismiss was potentially case dispositive, the Order took a "preliminary peek" at the merits of the motion. *See* Order at 4. In doing so, it made two critical errors: (1) failing to find that X had terminated the PLA, and (2) based on this erroneous factual finding, ignoring binding and on-point precedent.

1. **The Order makes a clearly erroneous finding regarding X's termination of the PLA.**

The Order finds that it is "unclear" whether X's termination of the PLA was effective. Order at 10. This finding is clearly erroneous, as the PLA's plain terms entitled X to terminate due to Adeia's material breach, and it is undisputed that X exercised this right on November 28, 2023. *See* Dkt. 5 (November 28, 2023 Termination Letter). The PLA is explicit that any public disclosure identifying X as a patent licensee of Adeia "shall be a material breach" of the agreement. *Id.* at 1. A "material breach" of the PLA, such as a prohibited disclosure under Section 9.2, entitles the non-breaching party to terminate. *Id.* at 1 (quoting provisions of PLA providing right to terminate if Adeia "is in material breach of any of its covenants, agreements, representations or warranties contained in this Agreement and fails to remedy or cure such a breach"); *see also id.* at 2 (quoting Section 4.3(c) of the PLA: "no cure period shall apply to the material breach referenced in Section 9.2 and any termination by Licensee for such material breach shall be effective immediately upon actual written notice by Licensee."). On August 7, 2023, Adeia filed a public complaint in Santa Clara Superior Court for breach of contract. *Id.* at 2. The complaint repeatedly disclosed X as a licensee of Adeia and also disclosed confidential license terms. *Id.* Per Section 9.2 of the PLA, this disclosure constituted a material breach, for which there was no right to cure. *Id.* at 1. Accordingly, X exercised its right to terminate.

2. **The Order ignores binding Federal Circuit precedent.**

After erroneously finding that it is "unclear" whether X effectively terminated the PLA, the Order states that if "the license terms remained in effect until March 31, 2024, then by definition there could be no liability for any alleged infringement at the time the instant lawsuit was filed[.]" *Id.* Even if X had not effectively terminated the PLA before filing suit, which it did as set forth

above, such termination is not required to confer jurisdiction, as the Federal Circuit has made clear. *See C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed. Cir. 1983). Indeed, in *Bard*, the court explicitly rejected the notion "that there can never be an apprehension of a federal infringement suit and thus no controversy when a license is still in effect." *Id*. at 880 ("To always require the termination of a license agreement as a precondition to suit would mean that a licensee must then bear the risk of liability of infringement."). The *Bard* court held, on strikingly similar facts to those at issue here, that a suit for breach of a license agreement "showed a willingness by [defendant] to enforce his patent rights" which weighed in favor of finding jurisdiction. *Id*. at 881. By holding that X needed to terminate the PLA before filing a declaratory judgment suit, the Order ignores binding precedent.

**B.      The Order clearly erred in evaluating whether Adeia's motion to dismiss can be decided absent additional discovery (Factor 2).**

**1.      The Order erroneously assumed that ███████████████████████████, contrary to X's undisputed allegation that it terminated the PLA.**

As explained above, X terminated the PLA on November 28, 2023 due to Adeia's material breach. But the Order implicitly assumed Adeia was correct that the PLA "remained in effect at least until March 31, 2024." Order at 10. The Order then reasoned that the discovery sought by X was irrelevant to Adeia's motion to dismiss because it was directed to Section 2.2 of the PLA (███████████████████████████████) rather than Section 2.1 (████████████████████████████████). According to the Order, because "Section 2.2 . . . ████████████████████████████ and because "none of [X's] discovery is directed to Section 2.1 of the PLA," "none of [X's] limited discovery appears to be important or necessary, much less relevant, to opposing the motion to dismiss." *Id.* at 13–15.

Because the PLA was terminated in November 2023, the ████████████████████████, and the only way X would have remained licensed to the Patents-in-Suit when this action was filed ████████████████████████ *See* PLA at 6–7

████████████████████████████████████████████████

████████████████████████████████████████████████

- 3 -

1  ███████████████████████████████████████████████████████████

2  █████████████   The Order correctly recognized that X's discovery was directed to this issue (i.e.,

3  Section 2.2 of the PLA), but incorrectly concluded that it was irrelevant to Adeia's motion to dismiss

4  based on the premise that the Section 2.1 ██████████████████████.   *See* Order at 13

5  (acknowledging that "X's discovery is admittedly directed to Section 2.2 of the PLA"); *id.* at 15

6  (concluding that "none of that limited discovery appears to be important or necessary, much less

7  relevant," to Adeia's motion to dismiss because "none of the discovery is directed to Section 2.1 of the

8  PLA, ████████████████████████████").   That premise is squarely contrary to X's

9  termination of the PLA in November 2023.

10           **2.      The Order erroneously misunderstood or misinterpreted Section 2.2 to**

11  ███████████████████████████████████████████████████

12  ██████████████████████████████████████████

13           As to the second error, the Order described Section 2.2 as "██████████████████████

14  ████████████████████████████ but as ██████████████████████████

15  ████████████████████████████████ in other words, ████████████

16  █████████████████.   Order at 13–14.   What it failed to recognize is that ██████████ to a

17  Patent-in-Suit could also be triggered by the ██████████████████████████

18  ██████████████████████████.   Specifically, Section 2.2 provides that in the event of

19  a "████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████

22  ██████████████████████████████████   Thus, even if the

23  Patents-in-Suit themselves ████████████████████████████████████████

24  could have been triggered without X's knowledge if ██████████████████████

25  ███████████████████████████████████████████████████████████████████.

26  As noted, the Order recognized that "X's discovery is admittedly directed to Section 2.2 of the PLA,"

27  Order at 13, but ignored ████████████████████████████████.   *See also*

28

- 4 -

PLAINTIFF X CORP.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE GRANTING DEFENDANTS' MOTION TO STAY AND FOR PROTECTIVE ORDER
Case No. 3:23-cv-06151-TLT-PHK

2637831

*id.* at 14 (acknowledging that "the limited discovery X propounded . . . is directed to Section 2.2 of the PLA"). This oversight, in turn, led directly to the Order's erroneous reasoning that since "there is no allegation that any of the four Patents-in-Suit were ███████████████████████████████ ████████████ there was "no basis to believe that ███████████████████████████████ were ever implicated with regard to the Patents-in-Suit" and that X's requested discovery therefore "appears unnecessary to resolve the motion to dismiss." *Id.* at 14.

### 3. X's discovery is relevant to resolution of the Motion to Dismiss

After the parties fully briefed Adeia's motion to stay (Dkt. 40), but before argument on that motion, the Court issued a set of questions to the parties to assist in resolving Adeia's motion to dismiss. Dkt. 56. The subject matter of the questions overlapped with discovery X had already sought from Adeia, which Adeia improperly declined to provide on the basis of its pending motion to stay. For example, Question 3 inquired whether "any of the patents at issue [had] been assigned before Defendants' ownership of them, including assignment to Defendants," and if so requested a "brief explanation of the history of the assignment and/or transfer of interest," including "whether the terms of that assignment or transfer included any prohibitions that would preclude the enforcement of the patents." *Id.* at 2. This question substantially overlaps with several of X's discovery requests, including Interrogatory 3, which asks Adeia to describe "the complete ownership history of the Patents-in-Suit," and RFPs 13–15, which seek documents related to Adeia and its predecessors' transfer of license rights covered by the PLA. The Court's questions further show that X's requested discovery is relevant to Adeia's motion to dismiss, and the Order erred in concluding otherwise.[1]

## IV. COURT ACTION REQUESTED

For the reasons set forth above, X respectfully requests that the Court grant X relief by setting the Order aside pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) and denying Adeia's motion to stay discovery and for a protective order (Dkt. 40).

---

[1] Because Magistrate Judge Kang vacated the April 11 oral argument on Adeia's motion to stay discovery, X did not have the opportunity to raise the Court's questions and their import to the motion to stay analysis.

1

2     Dated:  April 23, 2024                          KEKER, VAN NEST & PETERS LLP

3

4                                              By:    /s/ David Silbert
                                                      DAVID SILBERT
5                                                     SHARIF E. JACOB
                                                      KRISTEN E. LOVIN
6                                                     TAYLOR REEVES
                                                      EMILY A. HASSELBERG
7                                                     AMRUTHA DORAI

8                                                     Attorneys for Plaintiff X CORP.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF X CORP.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE GRANTING DEFENDANTS' MOTION TO STAY AND FOR PROTECTIVE ORDER
Case No. 3:23-cv-06151-TLT-PHK

2637831